AARON H. FULLER & others *vs.* INHABITANTS OF GROTON & others.

A town may appropriate money to indemnify its school committee for expenses incurred in defending an action for an alleged libel contained in a report made by them in good faith and in which judgment has been rendered in their favor.

A warrant for a town meeting "to hear the report of any committee heretofore chosen and pass any vote in relation to the same," is sufficient to enable the meeting to vote sums recommended by a committee appointed at a former meeting, the warrant for which fully set forth the business to be brought before it.

PETITION IN EQUITY to restrain the respondents from paying and indemnifying the school committee of Groton for the expenses incurred in defending a suit brought against them for an alleged libel contained in one of their official reports. The facts appear in the opinion.

*B. F. Butler*, for the petitioners.

*E. A. Kelly*, for the respondents.

THOMAS, J. That towns have power to raise money to indemnify their officers against liabilities incurred or damages sustained in the *bona fide* discharge of their duties is now well settled. *Nelson* v. *Milford*, 7 Pick. 18. *Bancroft* v. *Lynnfield*, 18 Pick. 568. *Hadsell* v. *Hancock*, 3 Gray, 527. The question before the court is, whether the appropriation by the respondents to indemnify the members of the school committee is, under the facts agreed, within the rule.

Some things are plain. It is the power and duty of towns to raise money for the support of schools, and to choose a committee to superintend them. Rev. Sts. *c.* 15, § 12; *c.* 23, §§ 10, 60. The school committee are required to make annually a detailed report of the condition of the several public schools in their respective cities and towns, and their report is to contain such statements and suggestions in relation to the schools as the committee shall deem necessary or proper to promote the interests of the schools. *Sts.* 1838, *c.* 105, § 1; 1846, *c.* 223, § 4. This report is to be deposited in the office of the town or city clerk, and either to be read in open town meeting, or, at the discretion of the committee, printed for the use of the inhabi-

tants. A certified copy of the report is to be sent to the office of the secretary of the Commonwealth. Towns failing to comply with this provision lose their proportion of the school fund. *St.* 1846, *c.* 223, § 5.

The school committee of the town of' Groton for the year 1851 made their report to the town, the town accepted the report, and it was printed for the use of the inhabitants. For statements made in their report, in relation to transactions in one of the school districts, and the course taken by George Shattuck, the prudential committee of the district, the members of the committee were sued by said Shattuck for a libel. The case is reported in 4 Gray, 540. This court held that the plaintiff had no cause of action ; that the extracts from the report, set out in the declaration, and made the ground of the suit, were not libellous. For the expenses incurred in the defence of that suit, the town voted to indemnify the committee, and appropriated money for that purpose. This petition is brought to enjoin the selectmen and the treasurer from paying the money so appropriated, on the ground that the town had no power to appropriate money for that purpose.

In this brief statement of the facts of the case, the legal result is, we think, clearly indicated. For the discharge in good faith of a duty devolved upon them as officers of the town, the committee were subjected to costs and expenses. The vote to indemnify them against the loss so incurred was just in itself, and within the principles settled in the cases already cited. These cases indeed go further, and sustain such a vote when the officers, acting in good faith, exceeded their authority. *Bancroft* v. *Lynnfield*, 18 Pick. 568.

A further question is made by the petitioners as to the sufficiency of the notice in the warrant under which the money wa voted. If this objection is open upon this petition, in which no such objection to the sufficiency of the warrant is taken, we think it is not sound. The article in the first warrant covered the whole subject matter. The article in the warrant for the meeting in which the appropriation was made was " to hear the report of any committee heretofore chosen, and pass any vote in

relation to the same." The subject matter of remunerating the school committee had been referred by the town to a committee at this last meeting; that committee reported; the report was accepted; and a vote passed, authorizing the selectmen to draw a warrant on the town treasury for three hundred and twenty one dollars, the expenses of the libel suit. The subjects to be acted on by the town are to be inserted in the warrant for the meeting. Rev. Sts. *c.* 15, § 21. But it is not necessary to state that the town will be called upon to grant money, if the subject is one which is likely to require money. *Blackburn* v. *Walpole*, 9 Pick. 97. This form of notice for action on reports of committees is of common use and sanctioned by authority. *Alden* v. *Rounseville*, 7 Met. 218. *Rand* v. *Wilder*, 11 Cush. 294

*Petition dismissed*