COMMISSIONERS OF KEARNEY COUNTY, PLAINTIFFS IN ERROR, v. LEWIS A. KENT, DEFENDANT IN ERROR.

1. County Commissioners: SPECIAL MEETINGS. In calling special meetings of the board of county commissioners, the county clerk is required to state in the notice the "object of calling the commissioners together."

2. ———: ———. But when so assembled they are not confined strictly to the business specified in the notice, but may make orders respecting the property of the county.

3. Practice: REJECTION OF EVIDENCE. To obtain a review of the action of the court in excluding evidence from the jury, the testimony offered, and the ground of its exclusion, should be preserved by bill of exceptions.

ERROR from the district court of Kearney county. It was an action of replevin brought by the commissioners of Kearney county, against Kent to recover the possession of a certain fire proof iron safe. The plaintiffs gave a delivery bond and took possession of the safe. The safe had been, up to the 29th day of November, 1873, in possession of the plaintiffs. On that day the board of commissioners had a settlement with one Valentine for certain extra work done by him on the court house of said county, and ordered two county warrants to be drawn therefor in favor of the said Valentine, one for five hundred dollars, and one for seven hundred and four dollars and thirty-six cents. Afterward by agreement between

the board and Valentine, the safe in question was sold to the latter in consideration of the non-issuance of the warrant for five hundred dollars.    Kent who was county clerk, set up in his answer that the property in said safe was in Valentine, and not in plaintiffs; and that he, as agent for Valentine, was entitled to the possession of said property.    Trial had at the May term 1875, verdict and judgment for defendant for one dollar damages, return of the safe and costs of suit, and the plaintiffs bring the case here on error.

*M. V. Moudy*, for plaintiffs in error, cited *Barrett v. Turner*, 2 Neb., 174.    *Farley v. Lincoln*, 51 N. H., 577. Gen. Stat., 234.    Dillon Mun. Corp., sec's 204–206, 224, 225, and notes.    Cooley on Taxation, 246.    *Wightman v. Karsner*, 20 Ala., 446.    *Potts v. Henderson*, 2 Ind., 327.    *Commissioners v. Keller*, 6 Kan., 518.    High on Ex. Legal Remedies, 255.    *Sprick v. Washington County*, 3 Neb., 253.    *Linden v. Case*, 46 Cal., 171. *Cumberland County v. Edwards*, 76 Ill., 544.    *Supervisors v. Ellis*, 59 N. Y., 620.

The statute points out the mode and manner in which the county shall settle and pay its debts, and it can pursue no other.    Where claims against the county have been allowed, warrants must be drawn on the proper fund for their payment.    The commissioners cannot turn over to the claimant the personal property of the county in discharge of such claim. 1 Dillon Mun. Corp., 465. *People v. Commissioners of Buffalo County*, 4 Neb., 150.

*Cobb, Marquett & Moore*, for defendant in error, cited *Oliver v. Keightley*, 24 Ind., 514.    Gen. Statutes, Chap. 13, section 11.    *Indianapolis R. R. Co. v. Irish*, 26 Ind., 268.    *Stewart v. Rankin*, 39 Ind., 161.    *Miller v. Voss*, 40 Ind., 307.    *Watson v. Mathews*, 36 Texas, 278.

LAKE, CH. J.

This was an action for the recovery of the possession of an iron safe, brought by the plaintiffs in error. There is no question concerning the pleadings raised. These are in the usual form: the defendant pleading the general issue of *non detinet*, and also property in another. The alleged errors all occurred during the trial of the case.

I. The first error of the assignment is, that certain testimony offered by the defendant was erroneously admitted to the jury. This testimony consisted of the record of the proceedings of the board of county commissioners of said county, at a special meeting held on the twenty-ninth day of November, 1873, called, as specified in the notice, "for the purpose of approving official bonds and auditing accounts." The chief objection urged against the admissibility of this record is, that the objects of the meeting, as set out in the notice, did not include the sale or disposal of the safe, and that for this reason, the action of the board in that behalf was wholly unauthorized and void.

To this proposition, however, we cannot give our assent. It is true, that the statute requires the county clerk, in calling a special meeting of the board, to state in the notice the "object of calling the commissioners together." Sec. 11, Chap. 13, General Statutes. But we do not think that, when so assembled, the board is, in all respects, confined strictly to the objects specified in the notice. By section fourteen of the same chapter, it is expressly provided, that, "The board of county commissioners, *at any meeting*, shall have power: 1. To make all orders respecting the property of the county, to sell the public grounds of the county, and to purchase other grounds in lieu thereof," etc., etc. This, we think, makes it quite clear, that, in making sale of the safe to Valen-

Commissioners of Kearney County v. Kent.

tine at this special meeting, the commissioners did not transcend their authority. In the admission of this record, therefore, there was no error.

II.   It is next objected, that the court erred in ruling from the jury certain evidence offered in rebuttal by the plaintiffs.

On this point the bill of exceptions merely states, that "the plaintiff offered in evidence the record of the proceedings of the county commissioners contained in book number one," to prove certain facts particularly set forth. But the record is silent as to what this book contained. We are not advised, as to what the evidence offered was, nor of the reason for not permitting it to go to the jury. It is impossible, therefore, for us to determine whether the testimony rejected was material or not.   Unless the error complained of be affirmatively shown, it will be presumed that the ruling of the court was correct.   In such case the bill of exceptions ought to contain the rejected testimony as offered, together with the grounds of objection which the court sustained, so that the identical question can be presented in this court for review. By no other course can it be ascertained whether the testimony ought to have gone to the jury or not.

III.   The next error complained of was in giving the following instruction, viz: "That the board of county commissioners, at their meeting on November 29, 1873, had authority to audit and adjust the claim of Thomas W. Valentine for extra work, etc., and render final decision in respect to said claim, and to sell and dispose of the safe, the chattel in controversy; and the acts and orders of said board, at that time, are valid and binding on the plaintiff in this action."   This instruction was based upon, and fully authorized by, the undisputed evidence of what was done at the special meeting of the

commissioners on the 29th of November, at which the claim of Valentine for extra work was allowed, and the safe in question turned over to him in part payment.

We discover no error in this record; and the judgment of the district court is affirmed.

JUDGMENT AFFIRMED.