## CITY OF GREELEY v. HAMMAN.

1. SPECIAL MEETINGS OF CITY COUNCIL—NOTICE.—The statute provides for the calling of special meetings of the council by notice to be served personally or to be left at the usual place of residence of each member. But the manner in which such notice or the record of such service shall be preserved is not specified.
2. MUNICIPAL RECORDS—COMPETENT EVIDENCE.—The official records of a city properly attested and identified are competent evidence in behalf of the city upon the question of the passage of one of its ordinances.
3. PRESUMPTIONS FROM OFFICIAL RECORDS.—When the record of a special meeting kept by the clerk shows that the meeting was called for the purpose of transacting the very business which was transacted, and that every member of the council was present and participated in the proceedings, the presumption is, in the absence of evidence to the contrary, that the meeting was a legal meeting duly and regularly called.
4. SUSPENSION OF RULES BY CONSENT.—Rules adopted by the council itself to govern its own proceedings, and not prescribed by any superior authority, may be suspended by unanimous consent.

*Error to County Court of Weld County.*

THIS was a prosecution for the violation of a municipal ordinance. The judgment of the county court was in favor of the defendant. Upon motion to dismiss the writ of error from this court it was held that the proceeding was a civil action, and that the judgment could be reviewed' by such

writ at the suit of the city.  See former opinion, *City of Greeley v. Hamman*, 12 Colo. 94.  The cause was originally commenced before the police magistrate.  Upon appeal in the county court the findings of the court were as follows :—

" 1st.  Ordinance No. 2 for the violation of which this action was brought, was passed Aug. 31st, 1886, at a special meeting.

" 2d.  Said special meeting was called and held, and all the members of the council were present at the meeting.

" 3d.  The records do not show that the members of the council were notified as required by statute, nor is any expression found in said records, stating or implying that the call was made in compliance with the statute.

" 4th.  And as a conclusion of law from the foregoing facts the court finds that the meeting of the common council of the city of Greeley held Aug. 31st, 1886, at which said ordinance No. 2 was passed, was not a legal meeting of said council, and that said ordinance is void."

Upon these findings judgment was rendered dismissing the complaint.  Counsel for the city excepted to the 3d and 4th findings as above stated and to the judgment of the court.  The assignments of error question the correctness of said findings and judgment.

Mr. J. E. GARRIGUES and Mr. H. N. HAYNES, for plaintiff in error.

Mr. J. M. FREEMAN and Mr. J. W. McCREERY for defendant in error.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

This was a prosecution under a municipal ordinance for the illegal sale of intoxicating liquors.  There is no controversy in this court as to the violation of the ordinance as a question of fact; but the validity of the ordinance is challenged upon the ground that it was not legally passed.  It

was passed at a special meeting; and the contention is, that the evidence does not show that the meeting was legally called as required by law.

By the act concerning towns and cities it is provided that the city council " shall determine the times and places of holding their meetings, which shall at all times be open to the public ; and the mayor and any three members may call special meetings by notice to each of the members of the council personally served or left at his usual place of residence."

The act further provides that the city council " shall determine the rule of their own proceedings and keep a journal thereof, which shall be open to the inspection and examination of any citizen ; * * * they shall also appoint from the qualified electors of the city a city clerk who shall have the custody of all the laws and ordinances of the city, and shall keep a regular and correct journal of the proceedings of the council. * * * " Mills' Ann. Stats., secs. 4490, 4492.

The official records of the city of Greeley, containing the ordinances of said city and the minutes of the proceedings of the city council of said city attested by the proper officers, having been produced and identified by the proper custodian thereof, were competent evidence for the prosecution. They were official records required by law to be kept by a public officer; and the presumption is that they were " regular and correct," as the statute requires. 1 Dillon Mun. Corp., 3d ed., sec. 304.

The official records thus introduced show every fact essential to the validity of the passage of the ordinance. They show that the ordinance was passed at a special meeting called for the purpose of passing or amending ordinances; that the mayor, the clerk and all the aldermen were present at such meeting ; that the ordinance was passed by a unanimous vote of all the aldermen upon a call of the yeas and nays, which were duly recorded. *Town of Durango v. Pennington*, 8 Colo. 261.

The fact that the clerk could not find among the records and files of his office the original notice of the special meeting did not under the circumstances prove that the meeting was illegal.   Conceding that the statute (sec. 4492, *supra*) contemplates that each member of the council shall be served with written notice, it does not provide when the service shall be made, nor how the proof of such service shall be preserved, nor does it require that the original notice shall be kept on file by the clerk.   We do not intimate that these details are of no consequence.   In some controversies, perhaps, they might be important.   1 Dillon Mun. Corp., sec. 286.   But, in this case, the fact that every member of the council was present at the meeting and voluntarily participated in all the proceedings precludes any contention that they did not one and all have due and timely notice.   Moreover, the clerk did keep a record of the call of the meeting; and the record shows that it was a special meeting called for the purpose of transacting the very business which was transacted.   In the absence of evidence to the contrary, the presumption from such record is that the call was duly and regularly made.   *Omnia presumuntur rite et solemniter essa acta donec probetur in contrarium.*   1 Broom's Legal Maxims, 944; *State v. Smith*, 22 Minn. 218; *Bank of U. S. v. Dandridge*, 12 Wheaton, 69; *State v. Vail*, 53 Iowa, 550; *McCormick v. Bay City*, 23 Mich. 457.

The maxim that, "illegality will not be presumed, but the contrary," as applied in this opinion, in no way conflicts with what was said in *Tracy v. The People*, 6 Colo. 155.   In that case it was held that inasmuch as the statute (Gen. Laws, p. 896, sec. 26 ; 2 Mills' sec. 4445,) requires that on the passage of every ordinance " the yeas and nays shall be called and *recorded*," the court was not at liberty to presume that the statute was complied with, unless the record affirmatively showed that the yeas and nays were recorded.   The statute was held to be mandatory; and further, that the actual entry of the yeas and nays in the record was an essential requirement.   Of course the court could not presume that

the yeas and nays *were recorded,* when by an inspection of the record it was found that they *were not recorded.*

The question in this case is quite different. The statute provides for the calling of a special meeting of the council by notice to be served personally or to be left at the usual place of residence of each member. But it is not required that such notice or the record of such service shall be preserved in any particular manner. Hence, when the record shows that a special meeting was called and held, it is to be presumed that the call was regular and that the service of notice was duly made as required by the statute, at least, until the contrary is proved, as the maxim asserts.

From the proceedings of the council it appears that it was deemed necessary to pass the ordinance without delay to take the place of a similar one which had been held defective; and that upon the report of the ordinance by the judiciary committee the rules which interfered with its passage were upon motion duly suspended by a formal unanimous vote before the vote upon the ordinance was taken. So far as appears the rules so suspended were not rules prescribed by any superior authority, as by the constitution or laws of the state, but such rules as the council itself had adopted, and which it was authorized to adopt to govern its own proceedings. Sec. 4490, *supra.* Such rules might properly be thus suspended by unanimous consent. Cushing Law & Pr. of Legislative Assemblies, secs. 794, 1478, *et seq.*

The judgment of the county court dismissing this action is reversed and the cause is remanded for trial *de novo.*

*Reversed.*