NATIONAL LIFE INSURANCE COMPANY ET AL., APPELLEES,
v. CITY OF OMAHA ET AL., APPELLANTS.*

FILED JANUARY 5, 1905.   No. 13,677.

Cities: COUNCIL: SPECIAL MEETINGS. The Omaha city charter contains
  the following section:  "The mayor or any three councilmen
  shall have power to call special meetings of the council, the
  object of which shall be submitted to the council in writing, and
  the call and object and the disposition thereof, shall be entered
  upon the journal by the clerk."  A meeting was held pursuant
  to a call signed by all the members of the council as follows:
  "Special meeting.  A special meeting of the city council of the
  city of Omaha is hereby called for Thursday, September 15, 1898,
  at 5:15 P. M., for the consideration of communications, petitions,
  committee reports, resolutions, and ordinances on first, second
  and third reading and passage."  Held, That at that meeting the
  mayor and council were authorized to pass a city ordinance then
  pending before that body, and previously twice read and referred
  to a committee.

APPEAL from the district court for Douglas county:
IRVING F. BAXTER, JUDGE.  Reversed and dismissed.

C. C. Wright, W. H. Herdman and A. G. Ellick, for ap-
pellants.

H. W. Pennock and Frank H. Gaines, contra.

AMES, C.

This is an action to perpetually enjoin the collection of
a special assessment for street improvements in the city of
Omaha on the ground that the procedure of the mayor and
council was so wide a departure from the requirements of
the statute as to render their action void.  But one false
step is alleged to have been taken.  Section 39 of the city
charter is as follows:  "The mayor or any three council-
men shall have power to call special meetings of the
council, the object of which shall be submitted to the

* Rehearing denied.  See opinion, p. 44, post.

council in writing, and the call and object and the disposition thereof shall be entered upon the journal by the clerk." On the 15th day of September, 1898, the council being in vacation, the following was signed by all the members of that body: "Special meeting. A special meeting of the city council of the city of Omaha is hereby called for Thursday, September 15, 1898, at 5:15 P. M., for the consideration of communications, petitions, committee reports, resolutions, and ordinances on first, second and third reading and passage." At the time mentioned in the call six of the nine members of the council, together with the mayor, assembled in the council chamber, and the clerk entered that document upon his records of the meeting. An ordinance ordering the improvement in question was pending before the body, it having been previously introduced and read a second and third time, and referred to a committee. At this meeting the committee reported the measure to the council with a recommendation pursuant to which it was put upon its passage and passed.

The plaintiff contends that the ordinance is void because it is not specifically mentioned in the call above quoted, and a proposed vote upon its passage was not otherwise submitted to the council in writing. This is the sole question in the case, and there is no dispute about the facts. Requisite petitions, notices and publications had been made and had, the ordinance was duly pending, and the mayor and council had ample jurisdiction of the subject matter with which they dealt. Was their procedure so irregular that they lost jurisdiction, and their subsequent action rendered wholly void? We do not think so. Whether the call was as specific or definite a recital of the objects of the meeting as is contemplated by the statute is a subject of debate by able counsel, and one concerning which the authorities speak with no certain voice. The manner in which a special meeting shall be called or convened is not prescribed by the statute; but it is enacted that after the members have assembled some one, presumably the person or persons convoking them, shall submit to

them in writing the objects of the meeting, and that this submission shall be entered upon the journal by the clerk. What is the purpose of this submission is not difficult to be understood. Before it is made, or any object of the meeting is required to have been stated in any manner, the body has met in lawful assembly. If nothing further was mentioned by the statute they would doubtless have all the powers of a general session, and there are no prohibitory words and no express limitation in the statute. It seems to us fair to assume that, if it had been intended that the written submission should operate as a restraint upon their power, the charter would have so enacted. That document accomplishes an obvious and sufficient purpose by calling the attention of the members, specifically, to such matters as the authority convoking them may deem especially important, but it is not required for, and cannot serve the purpose of, informing either the public or the members, in advance of the assemblage, respecting either the object of the meeting, or the character of the business intended to be transacted thereat.

No precedent construction of a similar statute has been cited by either party. In *Commissioners of Kearney County v. Kent,* 5 Neb. 227, it appears that the statute required that special sessions of the county board should be convened by the county clerk by a written notice stating the objects of the meeting. Such a call was issued for a meeting for the "approving of official bonds and auditing accounts." The court held that the board were not restricted to the transaction of the business named, but that a sale by them of personal property belonging to the county was valid. The decision is valuable only as showing that a statutory requirement, even of previous notice, will not be strictly construed. In *City of Greeley v. Hamman,* 17 Colo. 30, it was held that, where a special meeting of the council was required to be notified by personal service upon every member, a meeting at which there was a full attendance was valid, although no record of such notice or service was made, and the document itself, if there

was one, could not be found. In *Fuller v. Inhabitants of Groton*, 77 Mass. 340, a notice calling or "warning" a town meeting "to hear the report of any committee heretofore chosen and to pass any vote in relation to the same" was held sufficiently definite, and to authorize a vote appropriating money pursuant to the report of a committee appointed at a former meeting. This case is not without analogy to the one at bar; but decisions with reference to popular assemblages in New England towns, where the notices or warnings are expressly required to notify the inhabitants of the business intended to be transacted, can throw but little if any light upon the present case. Since the written submission prescribed by the Omaha charter is not required to be made until after the meeting has convened, we do not understand what advantage would be gained or what evil would be prevented by exacting the definiteness of statement demanded by the plaintiff.

The district court granted a perpetual injunction as prayed and the city appealed. We recommend that the judgment be reversed and the action dismissed.

Letton and Oldham, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be reversed and the action dismissed.

REVERSED AND DISMISSED.

The following opinion on motion for rehearing was filed May 3, 1905. *Motion overruled. Judgment modified:*

Per Curiam.

The judgment and order of this court heretofore entered in this action is modified to read as follows: For the reason stated in the foregoing opinion, it is ordered that the judgment of the district court, in so far as it affects the repaving assessment levied in improvement district

numbered 647, be reversed, and that the cause be remanded, with directions to the district court to dismiss the plaintiff's alleged cause of action, in so far as it affects the assessment levied in said improvement district numbered 647, and that otherwise the decree of the district court rendered in said action remain undisturbed. It is further ordered that the motion for rehearing be denied.

JUDGMENT MODIFIED: REHEARING DENIED.