## RIGHTS UNDER CIVIL SERVICE OF EMPLOYEES ON THE ELIGIBLE LIST.

Court of Appeals for Hamilton County.

STATE OF OHIO, ON THE RELATION OF JOHN WEISS, v. EDWARD S. KEEFER ET AL, CIVIL SERVICE COMMISSIONERS OF THE CITY OF CINCINNATI.

Decided, October 17, 1914.

*Civil Service—Determination as to Eligibility for Promotion Can Not be Reversed—Subsequent Board Bound by Such Determination.*

Where the commission has once determined that a member of the police force is eligible for promotion and promotion is duly made after competitive examination, it is without power to subsequently reverse its decision with respect thereto, and a subsequent board is bound by such former action.

*Denis F. Cash, Alfred Bettman* and *Henry Hunt,* for relator.
*Walter M. Schoenle,* City Solicitor, and *Charles A. Groom,*
Assistant Solicitor, contra.

JONES, O. B., J.; JONES. E. H., J., concurs; SWING, P. J., concurs in a separate memorandum.

This is an action in mandamus brought by relator to order
the defendants, as civil service commissioners, to certify in connection with the payrolls of the police department that relator
had been appointed and was during the period beginning the
1st day of August, 1912, and ending the 15th day of September,
1914, employed in pursuance of the act passed April 28, 1913,
to regulate the civil service (as found in 103 O. L., 698), as a
sergeant in the police department of the city of Cincinnati, such
a certificate to be given under a requirement found in Section
21 of said act.

Defendants filed an answer in which they admit that the relator was duly appointed and acted as a corporal in the police
department from August 1, 1912, till March 19, 1913, and that
since the latter date he had been performing the duties of a
sergeant in the police department, but they question the regularity and legality of his appointment, and ask for a dismissal of
the petition.

There is no dispute as to the facts, between the parties, but
defendants contend that because the relator had not, at the
time he was examined for promotion, served two years in the
department as a corporal, that he was ineligible for an examination at that time and was improperly placed upon the eligible
list by the civil service commission and that therefore his appointment, which was then made by the director of public safety
from the eligible list, was illegal.

Under the rules of the police department and civil service at
that time promotions were made from the position of corporal
to that of sergeant by appointment from an eligible list which
was prepared by the  civil service commission upon promotional
examinations held by it.  Such an examination was held on
March 10, 1913, in pursuance of a resolution of the commission
passed February 28, 1913, as follows:

"The chief of police has made a verbal request that all corporals in the police department at the present time be admitted to the competitive examination for sergeancy, as only three corporals are now in the service who are eligible under the rules. Safety Director Cash had made requisition for certification for appointment to the position of sergeant, and there is no eligible list.

"The secretary was directed to hold the promotional examination for this grade as soon as possible and notify all corporals that they are eligible for the examination."

This resolution was adopted without dissent, at the meeting, by the three commissioners who at that time made up the civil service commission.

At that time one of the rules and regulations which had been adopted by said civil service commission was Rule 84:

"No corporal who has not had at least two years' service as corporal in the police force of the city of Cincinnati shall be permitted to take an examination for promotion to the position of sergeant."

These rules also contained Rule No. 110, as follows:

"No amendment of these rules shall be made, nor shall any rule be repealed, nor any new rule adopted at the same meeting at which it is proposed, and no final action to amend, repeal or supplement these rules shall be taken in less than seven days after its proposal and until after a public hearing, of which the commission shall give notice in at least two newspapers of general circulation in Cincinnati."

The sections of the civil service law in existence in March, 1913, providing for this promotional examination, which it is necessary to consider in this case, are Sections 4480, 4481, 4482, 4483 and 4486, and under their provisions the commission was given full power to prepare rules and regulations to provide for the "grading of offices and positions similar in character in groups and divisions, so as to permit the filling of offices and positions in the higher grades as far as practicable through promotions." In pursuance of this power the commission had provided, by Rule 84, that no corporal who had served less than two years as such should be eligible for examination for ser-

geant.   There is, however, no statutory requirement as to the
length of time a corporal should serve as such before being
eligible for examination for sergeant.

From the action taken by the commission on February 28,
1913, it appears that at that time there were but three corporals
then in the service who had been there the necessary two years
to make them eligible for certification to the position of ser-
geant, and that there was then no eligible list.   As under Sec-
tion 4481, it was the duty of the commission, upon being notified
by the safety director of a vacancy to be filled in the position of
sergeant, to certify to him the three candidates graded highest on
such an eligible list, it is apparent that if the rule requiring two
years' service as corporal had not been waived or suspended,
only three corporals could have taken the examination and if all
three had successfully passed such an examination there would
have been but three names to be certified on the eligible list
for the making of one appointment as sergeant.   The evidence
shows that more than one sergeant was to be appointed at that
time—the relator himself being the second appointment made
under that examination—and it is therefore clear that as a matter
of convenience it was then desirable for the commission to waive
or suspend that rule if they had the power.   No formal amend-
ment or change in Rule 84 was made at that time by the commis-
sioners and no steps were taken to that end as provided by Rule
110, but the action taken by the commission in its proceedings of
February 28, 1913, in providing for the holding of the promo-
tional examination for sergeants while not constituting an amend-
ment or change of its standing rules, was, in effect, a suspension
or waiver of the provisions of Rule 84.

We are of the opinion that the civil service commission had the
power to so waive or suspend this rule, and that its action in
making all the corporals then on the force eligible to this exam-
ination was within its power, and that the examination was
within its power, and that the examination was held according
to law.   Nor was it necessary to note on its minutes that a rule
had been suspended, there being no objection on the part of
any member and all members being present.   *Cushing's Law*

*of Legislative Assemblies,* Sections 794 and 1478; *Wyman on Administrative Law,* 108; *State* v. *Bd. of Ed.,* 2 C. C., 510, at 515; *City of Cleveland* v. *Hamman,* 17 Colo., 30.

. The record shows that the statute was complied with in all particulars with regard to the examination which relator passed, and in making of his appointment. Upon a requisition made by the director of public safety for an eligible list, Weiss was duly certified upon that eligible list by the civil service commission itself, and he was duly appointed by the director of public safety, and the commission was notified of his appointment by the director of public safety, and Weiss' name was then placed upon the official roster of the commission kept in pursuance of Section 4483, General Code, and has been so continued up to the time it is now questioned.

The civil service commission having been invested by law with the power to determine the eligibility of Weiss, and having determined him to be eligible, is without power to subsequently reverse its decision. *Matter of Lazenby,* 116 App. Div (N. Y.), 135 (aff. Ct. App., 188 N. Y., 588), *People* v. *Cobb,* 13 App. Div. (N. Y.), 56; *People* v. *Preston,* 62 Hun. (N. Y.), 185 (aff. 131 N. Y., 644).

29 Cyc., 1433:

"If the power has been given to any officer to determine a question of fact, his determination is final, provided he has not been guilty of an abuse of discretion. Such a determination is binding upon the successors in office of the officer who made it."

Justice Brown, in the opinion of the court in *Noble* v. *River Log Co.,* 144 U. S., 165, discusses the power of an officer acting in a *quasi* judicial capacity to reverse the decision of his predecessor in the same office.

In the case of *Placik* v. *People, ex rel,* 194 Ill., 195, which is relied upon by defendants, the title of the assistant superintendent of police in Chicago was attacked directly by *quo warranto,* the statute requiring the promotional examination to be limited to members of the next lower rank; the officer whose title was attacked was not a member of the next lower rank, and was therefore rendered by statute ineligible to examination, and

was held to have been illegally appointed. This case can not apply to the case at bar, as it was there not a mere waiver of rule on the part of the commission, but a violation of the statute.

If it was desired to raise the question of the regularity or legality of his appointment, Section 29 of the act furnishes an opportunity for a direct attack upon his title, and it would be conducive to a stronger feeling of reliance upon the stability of their tenure by civil service employees, to have any question raised as to their titles by such a proceeding, rather than by a refusal of the civil service commission to certify on the pay-roll names that have been placed and so long maintained by them upon their official roster.

The name of the relator being properly upon the roster, and his employment as sergeant having been made in pursuance of law, it was the duty of the civil service commission to furnish the certificate required under Section 21 of the civil service act.

A writ of mandamus, as prayed for, will therefore be allowed.

SWING, P. J.

Judge Swing concurs in the above decision, for the reason that the civil service commission having been invested by law with the power to determine the eligibility of Weiss, and having determined him to be eligible, it is without power subsequently to reverse its decision, and the present board is bound by this former action.