THE STATE OF VERMONT *v.* SPENCER W. WILLIAMS.

*Evidence of organization, &c., of school district. Right of teacher to remove scholar.*

The organization and existence of a school district, and that a certain person was its prudential committee, may be proved by reputation, by the fact that such district has exercised corporate powers, as a district, and that such person acted as prudential committee, without the production of the records, where the questions arise collaterally, and in proceedings to which the district is, in no way, a party.

The teacher of a private school has the right to require a scholar, who is guilty of insubordination and misconduct, to leave the school; and if the scholar refuse to do so upon being requested, a third person will, upon the request of the teacher, be justified, as the servant and agent of the teacher, in using the necessary force for removing him.

INDICTMENT for an assault and battery on Peter Bean. Plea, not guilty; trial by jury, September Term, 1854,—POLAND, J., presiding.

The prosecution claimed that Peter Bean was the prudential committee of school district No. 14, in Northfield, and as such he hired one Emily Culver to teach the school in said district, in the winter of 1853–4; that Miss Culver commenced the school, and taught several weeks; that from some cause there was much dissatisfaction with the school and the teacher; that one Henry Williams, a boy sixteen or seventeen years old, attended the school, and behaved badly, and refused to obey the lawful and proper commands of the teacher, and in consequence of such misconduct and disobedience of orders, was expelled from the school, and forbidden to attend further, unless he would make suitable and proper acknowledgments for such misbehavior; that said Henry Williams thereupon left the school, and remained away for two or three weeks; that on the 21st day of January, 1854, the said Henry Williams again went to the school, and being called upon by said teacher to make some acknowledgments for his past misconduct, or to leave the school, refused to do either, whereupon the teacher sent for Peter Bean, the committee, who came to the schoolhouse, and requested the said Henry Williams to make acknowledgments to the teacher, or leave the school, which he again refused to do; that thereupon Bean attempted to remove the said Henry Williams from the schoolhouse, when the defendant, Spencer W. Williams, a brother of Henry, interfered and forcibly resisted Bean's attempt to remove Henry from the schoolhouse.

On the part of the state, evidence was introduced tending to establish the facts as above set forth. Peter Bean was examined as a witness, and, among other things, he was asked if he was, at this time, the committee of said district No. 14. This question was objected to, on the ground that his appointment to that office must be proved by the production of the records of the district; but the objection was overruled by the court, and he answered that he was committee of that district. To this ruling of the court, the defendant excepted.

In the course of the trial, several of the witnesses spoke of the district, and of previous schools in the district, and of meetings of the district, and of various acts of Bean as committee of the district; but no records were introduced to show the formation and organization of the district, and no question was made on that

State *v.* Williams.

point, until the argument by defendants' counsel, who then insisted, and requested the court to charge that there was no sufficient evidence of the formation or legal existence of such a district. On this point the court charged the jury, that the evidence in the case was proper for them to weigh, and if they found from the evidence, that there was such a district in fact, and supporting a school as such, that this was all that was required on that point. To this part of the charge the defendants excepted. The jury returned a verdict of guilty.

*Peck & Colby* for the respondent.

No testimony was offered to show that the district had maintained its existence for fifteen years, nor were the records of its organization produced. The appointment of the committee, like any other matter of record, could be shown only by the record itself, and parol testimony could not be resorted to, until it was shown that the record was lost or destroyed. Where the law requires the evidence of a transaction to be in writing, no other proof can be substituted for the writing. 1 Greenl. Ev. Sec. 83 and note 86. 2 Starkie's Ev. 786. *Sherwin* v. *Bugbee,* 17 Vt. 337. S. C. 16 Vt. 439.

*F. F. Merrill,* state's attorney, for the prosecution.

The existence of a school district may be proved by reputation. *Barnes* v. *Barnes,* 6 Vt. 391. PHELPS, J., in *Searsburgh Turnpike Co.* v. *Cutler,* 6 Vt. 323. *Bank of Manchester* v. *Allen,* 11 Vt. 302.

Where a party acts ostensibly as a public officer, as in administering an oath, the presumption is that he has competent authority to support him, though the contrary may be shown by the defendant's witnesses. 1 Camp. 231, and cases cited in 1 Chitty's Cr. Law, 566. And therefore even in an indictment for murder, in resisting an officer in the execution of his duty, it is sufficient to prove that he acted as such officer, and to produce the process under which he acted, &c. 4 T. R. 336, and cases cited in 1 Chit. Cr. Law, 566. See also *King* v. *Holland,* 5 T. R. 607. *State* v. *McNally,* 34 Maine, 210. (13 U. S. Dig. 311.)

The opinion of the court was delivered by

ISHAM, J. The respondent in this case was convicted under the second count in the indictment, for an assault and battery. From our examination of the case, we are unable to perceive any error in the ruling of the court, on which these exceptions were allowed. In proof of the existence and organization of school district No. 14, in Northfield, we think, that record evidence of those facts was not indispensible. If that school district was a party to legal proceedings, either as plaintiff or defendant, it might with more propriety be required; though even in that case, it would seem from some cases, that an organization in fact might be shown, without the introduction of their records. But when the question arises, in proceedings between third persons and collaterally, their existence and organization as a district may be proved by reputation, and by their exercise of corporate powers, and the discharge of corporate duties. It does appear from the case, that a school district No. 14, in Northfield, was known and recognized as such by the inhabitants of the town; that a school was maintained in that district, in the winter of 1853–4, and that Mr. Bean was acting as one of the prudential committee in that district. These facts, we think, are sufficient as affording presumptive evidence of the existence of that district and its organization. For the same reason, we think, other evidence than the records of that district, was properly received showing the appointment of Mr. Bean as one of the prudential committee. That he was acting as such in that district, and recognized as such by its inhabitants, appears in the case. We see no more impropriety in receiving that evidence, as affording *prima facie* proof of his appointment as one of the prudential committee, than in receiving similar testimony, to show the appointment and official character of a sheriff or constable, when one is indicted for resisting them in the official discharge of their duties. The question arises between third persons, and as collaterally in one case as in the other. We think, therefore, the testimony was properly admitted. 9 Wend. 17. 1 Phil. Ev. 226. 2 Phil. Ev. notes 426, 427. But if we were to assume that there was no such school district, and that no evidence was introduced showing that Mr. Bean was one of the prudential committee, we do not see that it would materially affect this prosecution. The fact that there was a school;

that Miss Culver was its teacher; that one of the pupils was requested to leave for insubordination and misconduct; and that he refused to do so, are not disputed. Regarding the school, therefore, as a private school, and subject to the discipline and government of Miss Culver as its teacher, she had a right, for those reasons, to request Mr. Bean to assist her in enforcing her discipline and government; and in so doing, Mr. Bean would be justified as her agent and servant. Under such circumstances the respondent cannot be justified in the assault and battery of which the jury have found him guilty.

The respondent can take nothing by his exceptions.