**Edward Smith by George W. Smith, Appellee, v. Board of Education of Oak Park and River Forest Township High School, Appellant.**

**Gen. No. 18,997.**

1. SCHOOLS, § 180*—*when courts will interfere in government of schools.* Under section 115 of chapter 122 of Hurd's R. S. 1911, J. & A. ¶ 10136, authorizing boards of education to expel pupils guilty of gross disobedience or misconduct, the power to determine what constitutes such disobedience or misconduct rests with such boards, and a court of law is not authorized to review the decision of such board except where fraud, corruption or gross injustice is palpably shown.

2. SCHOOLS, § 179*—*when pupil may be expelled.* Where a pupil was expelled because of membership in a fraternal society, in violation of rules of a board of education, *held* that the evidence showed that a hearing was had by such board and that the board did not exercise its power oppressively or with gross injustice.

Appeal from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Reversed and remanded with directions. Opinion filed October 14, 1913.

ANGUS ROY SHANNON and HUGH S. PETTIS, for appellant.

JAMES MAHER, for appellee.

MR. PRESIDING JUSTICE F. A. SMITH delivered the opinion of the court.

By this appeal the Board of Education of Oak Park and River Forest Township High School brings before this court for review a judgment in mandamus rendered in a proceeding instituted by appellee, Edward Smith, an expelled pupil of the high school in Oak Park. The judgment declared void the action of expulsion and ordered the return of the petitioner to the school.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

The petition for mandamus was filed May 6, 1912, and sets forth that the petitioner, a boy of sixteen years of age, is a resident of Oak Park, Illinois, and under the laws of the State of Illinois is entitled to attend as a pupil, for the purpose of receiving an education, the Oak Park and River Forest Township High School. The petition further states that the father of the petitioner is a resident and taxpayer of Oak Park, and that until March 22, 1912, the petitioner was a pupil in the high school attending the classes therein and at all times obeyed and complied with the laws of the State of Illinois and the rules and regulations of said school; that in August, 1908, the defendant, appellant, adopted a certain rule, part of which was as follows:

"Definition.—Any organization composed wholly or in part of high school students which seeks to perpetuate itself by taking in additional members on the basis of the personal preference of its membership, rather than upon the free choice of any student in the school who is qualified to fulfill the special aims of the organization, is a high school fraternity or sorority as contemplated by the following rules:

"No pupil of this school shall be or remain a member of, or shall join or promise to join, become pledged to become a member of, nor solicit any other person to join, promise to join or be pledged to or become a member of any said high school fraternity or sorority, or whose activities in the judgment of this board work back and have an effect upon the discipline or scholarship of said school.

"The penalty for any violation of this rule or for any false statement or misrepresentation regarding membership in any such society or regarding any violation of these rules on the part of any pupil of the school, shall be suspension and expulsion from the school and diploma may be permanently withheld from such pupil.

"It shall be the duty of the principal, upon satisfactory evidence of a violation of any part of this rule, to suspend the pupil guilty of such violation, and forth-

with report the facts and circumstances of such violation and suspension to this board for its action.''

The petitioner then alleges that during the month of March, 1912, while he was attending said high school as a pupil and obeying all the rules and regulations of said school and of the said Board of Education with reference to said school, he, with certain other pupils of the said school (naming them), was charged with a violation of the rules and regulations of said school and of the said Board of Education, in that the petitioner and the said other pupils were members of a certain secret fraternal society known as the ''Phi Lambda Epsilon Fraternity,'' and that on March 23, 1912, there was received at the home of petitioner, by his father, a certain letter, notifying the petitioner's father that the petitioner had been expelled from the school because of his violation of the rules and regulations of the said school and of the Board regarding secret societies; that, since March 23, 1912, the petitioner has been refused admittance to the school and the right to prosecute his studies therein; that petitioner has made demand in writing upon the Board of Education, the defendant, to give him a hearing before said Board to the end that he might prove that he was not a member of said fraternity or any other secret society, and that he had not violated any of the rules and regulation of said high school, or of the said Board of Education; but the said Board of Education has refused to grant the petitioner a hearing or an opportunity to submit proof as to his innocence with reference to the charges upon which he was expelled from the high school; and that the said Board of Education refused and still does refuse to permit the petitioner to attend the high school or continue his studies therein.

The petition prays for a writ of mandamus, directed to the Board of Education of Oak Park and River Forest Township High School, commanding the Board to forthwith rescind and vacate the order of expulsion heretofore entered by it against the petitioner and to

permit the petitioner to attend said high school and prosecute his studies therein.

To the petition appellant filed an answer admitting that the petitioner was a resident of Oak Park, Illinois, and that until March 22, 1912, the petitioner was a pupil in the high school and attending the classes therein, but denies that he at all times obeyed and complied with the laws of the State of Illinois and with the rules and regulations of said high school, and denies that the action taken by it in expelling the petitioner was done under any rule of the Board passed in August, 1908, and denies that the rule which the Board passed has been in force or effect since July 24, 1911. The answer admits that the relator, Edward Smith, was expelled in March, 1912, from the high school with certain other pupils, but denies that at the time of the expulsion the petitioner was or had been obeying or complying with the rules and regulations of the school and of the Board of Education. The answer admits the sending of the letter to George W. Smith by Mr. Hanna, principal of the school, as set forth in the petition, and admits that since March 23, 1912, the petitioner has been refused admission to the high school as a pupil, and also admits the demand in writing upon it in behalf of the petitioner for a rehearing before the Board of Education on the charges upon which the expulsion was based; but denies that it refused to grant the petitioner the hearing or an opportunity to submit proofs in reference to the charge. It admits a written demand by the relator upon its president to vacate and rescind the resolution or order whereby relator was expelled and excluded from attending the high school, and that a written demand upon the president was made to order and direct the principal of the high school to permit the relator to attend the high school and to rescind all orders and resolutions whereby relator was prevented from attending school, and that the president refused to accede to the

demands of the relator for rescission and for reinstatement in the school.

The answer denies that the petitioner was not and is not guilty of the charges upon which the resolution passed by the Board of Education and expelling him was predicated; denies that petitioner, by reason of any act of defendant or the principal of the school, has been deprived of any rights guarantied him by the State of Illinois.

The answer than proceeds at great length to give certain reasons which induced the defendant Board of Education to adopt the rule set out in the petition, but we do not deem these averments in the answer as material for the reason that the reasonableness of the rule is conceded and not called in question either in the petition or in argument.

The Board of Education of the high school districts of the class of defendant has all the powers and is charged with the duties of school directors. Chapter 122, Hurd's R. S. 1911, sec. 91, (J. & A. ¶ 10112). Among the duties devolving upon the Board of Education under the statute is the duty to adopt and enforce all necessary rules and regulations for the management and government of the high school under their charge. By section 114, clause 5, chap. 122 of the statutes (J. & A. ¶ 10135), they are given the power to adopt and enforce all necessary rules and regulations for the management and government of schools, and by section 115 (J. & A. ¶10136) they are clothed with the power to suspend or expel pupils guilty of gross disobedience or misconduct.

In order to carry out the powers and duties of school directors or Board of Education of high school districts, no form of trial or hearing is prescribed. The powers are given, the duties are laid down and the Board of Education is authorized in a reasonable and parliamentary way to investigate charges of disobedience or misconduct, and to suspend or expel any whom they may find guilty of any violation of any of their

reasonable and valid rules. As above stated, the reasonableness and validity of the rule in question is not attacked either in the petition or in argument. The whole case sought to be proved by the petitioner by the evidence is that he was not a member of the fraternity and, therefore, did not violate the rule. Upon that question, it is clearly shown that the Board of Education received, heard and considered evidence, and found the petitioner guilty of a violation of the rule and expelled him from the school for such violation. The power to determine what constitutes disobedience or misconduct lies with the Board of Education, and under no circumstances, except where fraud, corruption, oppression or gross injustice is palpably shown, is a court of law authorized to review the decision of the Board of Education, and to substitute its judgment for that of the board. *McCormick v. Burt*, 95 Ill. 263; *School Trustees v. School Directors, Dist. No. 2*, 190 Ill. 390; *Wilson v. Board of Education*, 137 Ill. App. 187, affirmed in 233 Ill. 464.

The petition does not charge that there was any fraud or corruption in the action of the defendant Board. By a liberal construction it may be said to charge oppression or gross injustice to the petitioner by the Board in expelling him from the high school. So construing the petition, there were before the trial court two questions of fact upon which it was authorized to hear evidence and pass judgment. The first question was whether the Board of Education heard any evidence, at the time or prior to the action complained of, on the question of the violation of its rules by the petitioner. The second question was as to whether or not the defendant's action was oppressive or worked gross injustice to the petitioner.

On the first question it clearly appears from the evidence offered by the parties that the Board of Education heard and considered evidence. On this question there is no controversy between the parties. The evi-

dence heard and considered by the Board, in our opinion, justified its conclusion and action.

We find no evidence in the record that shows fraud, corruption, oppression or gross injustice on the part of the defendant Board. There is nothing in the record to show that the Board exercised its power oppressively or with gross injustice.

The power of the Board to exercise its honest and reasonable discretion in such cases without the interference of the courts is well settled (*School Directors v. School Trustees*, 66 Ill. 247; *Wilson v. Board of Education*, 233 Ill. 464; *Kelly v. City of Chicago*, 62 Ill. 279; *Dental Examiners v. People*, 123 Ill. 227); and the proof in the record does not show or tend to show legal grounds for the interference of a court of law with the decision of the Board. The judgment is therefore erroneous.

The judgment of the Circuit Court is reversed and the cause is remanded with directions to dismiss the petition.

*Reversed and remanded with directions.*