(No. 15848.—Reversed and remanded.)

LESTER G. BURROUGHS, JR., Plaintiff in Error, *vs.* PETER A. MORTENSON, Superintendent of Schools, *et al.* Defendants in Error.

*Opinion filed April 14, 1924.*

1. SCHOOLS—*authority of superintendent of schools of Chicago.* The superintendent of schools of the city of Chicago has charge and control, subject to the approval of the board of education, of the educational department of the schools and of the discipline in and conduct of the schools.

2. SAME—*vaccination cannot arbitrarily be made a condition precedent to right to attend school.* Vaccination is not a condition precedent to the right of a child to attend a public school and can not be made such condition either by a board of education or a board of health, and the superintendent or other officers cannot arbitrarily exclude from the schools a child who has not been vaccinated and refuses to be vaccinated.

3. SAME—*when vaccination of school children may be required.* By rules and regulations adopted by the board of education or board of health the vaccination of school children may be required in case small-pox is epidemic in the vicinity of the school or danger of an epidemic may be apprehended.

4. SAME—*superintendent cannot exclude unvaccinated child in absence of rule or regulation of board.* The superintendent of schools of a city has no authority to arbitrarily exclude from school children who refuse to be vaccinated, in the absence of any rule or regulation in the case made by the board of education or board of health, and the superintendent of schools of the city of Chicago cannot order such exclusion merely on the recommendation of the commissioner of health.

5. SAME—*child unlawfully excluded from school may maintain action on case.* A child who is unlawfully excluded from a public school is entitled to maintain an action on the case for the unlawful interference with his right.

6. BOARDS OF HEALTH—*rules and regulations of board must be in writing and recorded.* Rules and regulations adopted by a board of health or board of education to check the spread of a contagious disease must be in writing and entered of record.

7. SAME—*commissioner of health appointed by city council has not powers of a board of health.* Ordinances of the city of Chi-

cago providing for a commissioner of health do not create a board of health and are ineffectual to confer upon the health commissioner the powers and duties which can properly be exercised only by a board of health. (*People* v. *Robertson,* 302 Ill. 422, followed.)

WRIT OF ERROR to the Superior Court of Cook county; the Hon. JOSEPH B. DAVID, Judge, presiding.

BANGS & FRANKHAUSER, for plaintiff in error.

FRANK S. RIGHEIMER, (RALPH W. CONDEE, and FRANK F. TRUNK, of counsel,) for defendants in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

Lester G. Burroughs, by his next friend, brought an action on the case against Peter A. Mortenson and others in the superior court of Cook county. There was a jury trial, which resulted in a verdict of not guilty directed by the court, judgment was entered on the verdict, and the plaintiff has sued out a writ of error from this court on the ground that his constitutional right to attend school is involved, and the court also certified that the validity of a municipal ordinance was involved and that the public interest required that the writ should be prosecuted from the Supreme Court.

The plaintiff in error was a public school pupil thirteen years old, and his cause of action is based upon his exclusion from the Portage Park school, a public school in the city of Chicago, from June 10 to June 23, 1920. The defendants were the superintendent of schools of the city of Chicago, an assistant superintendent, a district superintendent and the principal of the Portage Park school. The reason given for the exclusion of the plaintiff in error was that two of the pupils of the school had small-pox, and all teachers and pupils who had not been successfully vaccinated were required to be excluded until June 23 unless they would consent to be vaccinated. The plaintiff in error declined to be vaccinated and was therefore excluded.

The two children who were sick lived at a considerable distance from the plaintiff in error and he did not know them. They were taken sick about May 20. The physicians who attended them testified that they were suffering with chicken-pox and not small-pox. A few days later the health inspector placed a chicken-pox sign on the house in which they lived, and on June 5 they were taken to the isolation hospital by the city authorities. On that day the following letter, signed, "John Dill Robertson, Commissioner of Health," and addressed to the superintendent of schools, was received at the latter's office:

"I respectfully advise you herewith of the following cases of small-pox:

"Case No. 71, named Howard Paul, living at 5209 Cullom ave., who went to the Chicago Isolation Hospital June 5, 1920. This child attended the Portage Park school.

"Case No. 72, named Ebba Paul, living at 5209 Cullom ave., who went to the Chicago Isolation Hospital June 5, 1920. This child attended the Portage Park school.

"As this was in a highly contagious stage of the disease and the large number of exposures makes a localized epidemic of small-pox in this vicinity quite possible, I respectfully request that you ask the principal of this school to exclude from school for eighteen days from date of hospitalization all teachers and pupils who are not protected by a successful vaccination, unless they consent to be vaccinated at once."

In compliance with the request contained in this letter the following letter was sent by the assistant superintendent of schools to the principal of the Portage Park school:

"The department of health has reported a case of small-pox in the neighborhood of the Portage Park school. In view of the emergency existing, they are recommending that all teachers and pupils who are not protected by a successful recent vaccination be excluded for the next eighteen days unless they consent to be vaccinated at once.

"You will therefore arrange to carry out the instructions of the health department whenever the necessary written notices are presented to the teachers or pupils by the health department."

The direction of this letter was carried out by the exclusion of the plaintiff in error and others. During the

thirteen days of his exclusion the plaintiff in error went to the school daily but was denied admission. His parents and the parents of other children called on the superintendent and the principal of the school for the purpose of getting the order of exclusion rescinded and notified them that the two children who were sick had chicken-pox and not small-pox, but the period of exclusion was not shortened and the plaintiff in·error was not again received as a pupil until June 23.

The superintendent of schools of the city of Chicago has charge and control, subject to the approval of the board of education, of the educational department of the schools and of the discipline in and conduct of the schools. Vaccination is not a condition precedent to the right of a child to attend a public school, and cannot be made such condition either by a board of education or a board of health. (*Potts v. Breen,* 167 Ill. 67; *People v. Board of Education,* 234 id. 422.) The superintendent or other officers may not arbitrarily exclude from the schools a child who has not been vaccinated and refuses to be vaccinated. By rules and regulations adopted by the board, the vaccination of school children may be required in case small-pox is epidemic in the vicinity of the school or danger of an epidemic may be apprehended. (*People v. Board of Education, supra; Hagler v. Larner,* 284 Ill. 547.) In *People v. Tait,* 261 Ill. 197, it was held that under the statute creating a board of county commissioners in counties not under township organization a board of health, and authorizing such board, upon the breaking out of any dangerous communicable disease in the county, to make and enforce rules and regulations tending to check the spread of the disease, and for that purpose granting power to quarantine any house or houses or · place where any infected person may be, the rules and regulations were required to be in writing and entered of record. The same may be said of rules adopted by the board of health or board of education for the same purpose.

By section 1 of article 5 of the Cities and Villages act the legislature has authorized cities and villages, in paragraph 76, to appoint a board of health and prescribe its powers and duties, and in paragraph 78 to do all acts and make all regulations which may be necessary or expedient for the promotion of health or the suppression of disease. The city of Chicago has not, however, established a board of health, and the ordinances set out in the special pleas of the defendants in error have been held ineffectual to create a board of health or confer the authority mentioned in them upon the commissioner of health. (*People* v. *Robertson,* 302 Ill. 422.) No regulations or supposed regulations of a board of health or the board of education were introduced in evidence, or, so far as this record shows, exist. The exclusion of the plaintiff in error must therefore be regarded as the sole act of the superintendent, which finds no authority in any rule or regulation affecting his action. It was an arbitrary act because resting upon no rule of law but depending only on the discretion of the superintendent, to whom the law has granted no such discretion.

The defendants in error invoke the doctrine that a mere mistake in judgment by a public officer in a matter which he is required to determine in the performance of his duties will not subject him to an action if he acts in good faith. The doctrine has no application to the facts in this case. The plaintiff in error was entitled to admission to the school. The superintendent and his assistants had no right to exclude him except pursuant to regulations established by the board of education or board of health. There were no such regulations. There was no matter submitted to the superintendent which he was required to determine. He could act only in accordance with the established rules. Since there were no rules he could not act. The absence of rules would not justify him in taking the matter into his own hands and acting arbitrarily, without regard to any rules but his own discretion. Since there was no rule authoriz-

ing the commissioner of health to direct that unvaccinated pupils be excluded from the school and none authorizing the defendants in error to exclude such pupils, it follows that the plaintiff in error was arbitrarily and unlawfully prevented from exercising his right to attend school. Under such circumstances he was entitled to maintain an action for the unlawful interference with his right. *Rulison* v. *Post*, 79 Ill. 567; *Potts* v. *Breen, supra.*

The court erred in directing the jury to find a verdict for the defendants, and its judgment will be reversed and the cause remanded for a new trial.

*Reversed and remanded.*

---

(No. 15813.—Reversed and remanded.)
TONY STRAKIS, Appellee, *vs.* JULIA STRAKIS *et al.* Appellants.

*Opinion filed April 14, 1924.*