98 Ill. App.3d 438 (1981)
424 N.E.2d 737
STACY DONALDSON, a Minor, by Charlotte Reyes, his Mother and Next Friend, Petitioner-Appellant,
v.
THE BOARD OF EDUCATION FOR DANVILLE SCHOOL DISTRICT NO. 118 et al., Respondents-Appellees.
No. 16852.
Illinois Appellate Court  Fourth District.
Opinion filed July 17, 1981.
Mary A. Rice, of Land of Lincoln Legal Assistance Foundation, Inc., of Danville, and Thomas E. Kennedy III, of Land of Lincoln Legal Assistance Foundation, of East St. Louis, for appellant.
Wendell W. Wright, of Wright and Wright, of Danville, for appellees.
Judgment affirmed.
Mr. JUSTICE MILLS delivered the opinion of the court:
A fight at school.
One student combatant received corporal punishment, the other 3 days' suspension.
We affirm.
This is an appeal from the dismissal of a petition for certiorari and for injunctive relief, in which petitioner Stacy Donaldson challenged the respondent school board's action in suspending him from school. The petition alleges that on September 30, 1980, Donaldson, a seventh grader in the Danville school system, got into a "small fight" with classmate Anthony Griffin. This was the first time either student had been discovered in combat upon school property. Griffin received corporal punishment in the form of "two swats" and was returned to class. Previous to September 30, Donaldson's mother had informed the school that her son was not to be administered corporal punishment. (A rule adopted by the board had allowed her to give this notice.) Donaldson's punishment was suspension from school for 3 days  October 1-3. Since Donaldson's *439 3-day absence was thus unexcused, he was not allowed to make up "final examinations" and other work missed during that time. As a result, Donaldson's grades were lowered.
Donaldson's suspension was upheld by a hearing officer following a hearing held October 3 and the board of education approved the suspension on October 22. The report of the hearing officer indicates that Donaldson, too, would have been "swatted" had it been possible to use corporal punishment on him.
Donaldson, though conceding that his behavior was punishable, argues that some other form of available disciplinary action, which would have been less disruptive of his education, should have been used. Thus, he attacks the propriety of the decision to suspend him for 3 days. The parties disagree as to whether the petition alleges facts sufficient to state a cause of action. The trial court held that it does not, and we agree.
School discipline is an area which courts enter with great hesitation and reluctance  and rightly so. School officials are trained and paid to determine what form of punishment best addresses a particular student's transgression. They are in a far better position than is a black-robed judge to decide what to do with a disobedient child at school. They can best determine, for instance, whether a suspension or an after-school detention will be more effective in correcting a student's behavior. Because of their expertise and their closeness to the situation  and because we do not want them to fear court challenges to their every act  school officials are given wide discretion in their disciplinary actions.
 1 Illinois courts have, therefore, said that a decision to suspend or expel a student will be overturned only if it is arbitrary, unreasonable, capricious, or oppressive. (Burroughs v. Mortenson (1924), 312 Ill. 163, 143 N.E. 457; Smith v. Board of Education (1913), 182 Ill. App. 342.) This same standard is used by courts in other States. Leonard v. School Committee (1965), 349 Mass. 704, 212 N.E.2d 468; Laucher v. Simpson (1971), 28 Ohio App.2d 195, 276 N.E.2d 261; State ex rel. Thompson v. Marion County Board of Education (1957), 202 Tenn. 29, 302 S.W.2d 57.
Thus, to reverse the trial court's dismissal of Donaldson's petition, we must find that Donaldson stated a cause of action by alleging facts showing an abuse of the especially broad discretion given school officials in making disciplinary decisions.
 2 Possibly there would be a situation in which imposition of a 3-day suspension would be an abuse of discretion. (See generally Knight v. Board of Education (1976), 38 Ill. App.3d 603, 348 N.E.2d 299.) This, however, is not such a case. Donaldson does not argue that a 3-day suspension is per se an excessive punishment for being in a fight. But he makes much of the fact that his suspension fell during "final examinations," thus reducing his grade. That, however, was due to the unfortunate *440 timing of his fight and misconduct, not to a disciplinarian's decision to make Donaldson's punishment particularly onerous by suspending him during an examination period. The record indicates that the suspension began the day after the fight. We cannot fault respondents for this timing, for they were surely reasonable to think that punishment must immediately follow an offense in order to impress more fully upon the student the error of his ways.
It is also important to observe that these could not have been "final examinations" in the sense of being at the end of a semester or the completion of a course. Since they occurred in early October, they must have been 6-week tests and thus would not be of a type that would have such a substantial effect upon Donaldson's ultimate grades as to make the decision to suspend him during that time arbitrary. Also, we note that Donaldson is in the seventh grade. He is not in high school, where grades are usually thought of as being more important and can affect a student's educational and employment prospects after he leaves public school.
Considering all these factors, along with the fact that Donaldson's mother foreclosed the possibility of using corporal punishment, we do not see the suspension as rising to the level of an arbitrary act.
Donaldson also contends that his complaint states a cause of action based on retaliation in that he was given a 3-day suspension because his mother had exercised her right to notify school officials that her son was not to be given corporal punishment. This basis for reversal, however, was brought up for the first time in Donaldson's reply brief and has therefore been waived. Ill. Rev. Stat. 1979, ch. 110A, par. 341(g); Farns Associates, Inc. v. Sternback (1979), 77 Ill. App.3d 249, 395 N.E.2d 1103.
(The parties have also briefed the issue of the validity of a regulation issued by the State Board of Education requiring local school boards to notify parents that they may forbid the use of corporal punishment upon their children. Respondents complied with this rule, and we therefore see no need to address that issue.)
Affirmed.
WEBBER and GREEN, JJ., concur.