CLARK ET AL. v. BOARD OF TRUSTEES OF LOPER LINE CONSOLIDATED SCHOOL DISTRICT.

[78 South. 145, Division A.]

MANDAMUS. *Exclusion of children from school.*

A citizens who has a lawful right to enter his children in a pub-lic school, and who has been wrongfully denied this right, may, if he so elects, pursue the remedy of appealing to the school authorities, as provided in the statutes, for relief against such wrong; but he is not limited to such procedure, nor is he compelled to first pursue the remedy provided by the statute but may bring his complaint into the courts by mandamus with-out resorting to an appeal, to the school authorities.

APPEAL from the circuit court of Berry county.
HON. PAUL B. JOHNSON, Judge.

Petition for writ of mandamus by Davis and Zoola. Clark against the Board of Trustees of the Loper Line Consolidated School District. From a judgment dis-missing the petition, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Currie & Currie,* for appellants.

The demurrer is found on page 8 of the record and is a general demurrer. The question raised by the demurrer is whether the writ of mandamus will lie. The contention made upon the demurrer in the lower court was that the writ would not lie because the court had no jurisdiction over the subject-matter of the peti-tion and that the petition presented matters that lay exclusively within the jurisdiction of the school authori-ties and boards of education in the state of Mississippi, and could be determined only by the school authorities and school boards.

The contention appears to us to be not only mon-strous but pernicious and vicious—dangerous in the

extreme. It would never do to adjudicate that as a matter of law the courts of the land have no jurisdiction to hear and determine a petition for the writ of mandamus under such a state of facts as is alleged and admitted to be true in the petition. There are many reasons which could be assigned why it should never be judicially determined that the courts of the state are without jurisdiction to entertain such a petition but the one all-sufficient reason is that the courts of the state under the law have jurisdiction.

It has been repeatedly held by this court that school districts in the state of Mississippi are *quasi*-corporations or bodies politic and that the trustees of such school districts are *quasi*-public officers. This question was raised and fully and earnestly briefed and argued in the late case of the *Board of Trustees of the New Augusta Consolidated School District* v. *The Burks Construction Company,* and the court held in that case that the suit was properly brought against the board of trustees and that the court had jurisdiction to hear and determine the same. This is the settled law in this state. Surely the court has jurisdiction of the subject-matter of the petition because it alleges the unconstitutional and the unlawful infraction of the rights of the petitioners and a denial to them and their children of the right to attend the public school; a denial of one of the most valuable, most important, and most sacred rights vouchsafed to the citizen and the child—the denial of a right which lies at the very root of the public and general welfare and perpetuity of the state, the Government itself. The court will not shear itself of jurisdiction of the subject-matter of so important a thing. There is no statute expressly denying the courts jurisdiction of such a petition, and if such a statute should be enacted, we submit that it would be unconstitutional and void.

We submit this question to the court upon the very right and reason of the thing for its determination. We deem it unnecessary to cite authorities.

*S. R. Hall,* for appellees.

The demurrer to the complainant's petition was properly sustained by the trial judge; under the special allegations of the petition this cause could not be brought by mandamus proceedings. There has been great progress made in our educational affairs, much time and patience has been spent in carving out a school law to take care of this vital interest to the state. After years of thought by those trained and interested in the schools of our state chapter 125 of the Code of 1906, was adopted and amplified to meet the needs of this important matter, and among many other measures embodied therein is section 4524.

"The trustees may suspend or expel a pupil for misconduct and shall look after the interests of their schools, visit the same at least once during each month by one or more of their number, see that fuel is provided, protect the school property and care for same during vacation, and arbitrate difficulties or disputes between teachers and pupils; but either party, feeling aggrieved by their decision, may appeal to the county superintendent, and from him to the state board of education. And the trustees may make provisions for the comfort and welfare of the pupils; but the same shall not involve an expenditure of money not already appropriated for this purpose by the proper authorities.

Such a contention as here arises was contemplated thereby and a redress provided. The petition alleges that the children of the petitioners were wrongfully excluded from the school involved. If the appellants are right and petitioners entitled to the relief sought then the remedy of this section should have been applied.

1.  Under this statute, if the petitioners wanted to contest the alleged wrongful exclusion of the children, they should have taken the matter up through the county superintendent of education.

2.  If the finding of the superintendent was not satisfactory to them, then an appeal should have been taken to the state board of education.

The petition fails to allege that either of these rights were performed, in fact neither were.  A rush is made to the court through this petition.  Until the preliminary steps as provided by the statute referred to have been taken—this petition is premature, and  should have been dismissed.

If our courts can be called upon in this wise  to settle every difference that may and does arise pertaining to our schools, there would be no end to litigation.  Our law makers saw fit to keep such question involved in this suit peculiarly in the hands of those most directly in touch with our school interest, and I think this court will so hold and wisely so.

The wisdom of the law is seen in placing for first decision a matter of this kind in the hands of the county superintendent of education, who, of course, is versed in the school law, and who is familiar with local situations, the school teachers, trustees and patrons, and whose opinion of such matters would be weighty.  So, however, that an interested party could not be affected in his or her right by an error of such superintendent of education an appeal is provided in the state board of education.  This board is far removed from local influence and could, and no doubt would, readily correct any error or wrong the county superintendent of education might cause or effect.

If the position of the appellant was maintained the wise provisions of the school law referred to would be made  nugatory  and  obsolete.   Under  section  4524,

Code of 1906, the superintendent of education and the state board of education were clothed with discretion in the matter here involved. Then, under the holding of this court the writ of mandamus could not affect them or control their acts. For this reason also this demurrer is well taken on this point, see: *Vicksburg* v. *Rainwater,* 47 Miss. 547; *Clayton* v. *McWilliams,* 49 Miss. 311; *State Board* v. *West Point,* 50 Miss. 638; *Monroe Co.* v. *State,* 63 Miss. 135.

It will thus be seen that the demurrer was rightfully sustained and the cause should be affirmed.

HOLDEN, J., delivered the opinion of the court.

This is an appeal from a judgment sustaining a demurrer and dismissing a petition for a writ of mandamus. Here is the controversy:

Appellants set up in the petition for the writ: "That they are freeholders in and patrons of said Loper Line consolidated school district and of the said Loper Line consolidated school, and that they have and are parents of children of the free school educable age, who by law and as a matter of right are entitled to attend said free school; that your petitioners are the owners of property in said consolidated school district, upon which they pay taxes, and that they contribute and have contributed to the establishment, equipment, and maintenance of said school; and that your petitioners, as parents of said children, and as resident freeholders and taxpayers in said consolidated school district, and as patrons of said school have the right to send their children to said school, and to have them taught by the teacher therein.

"Your petitioners allege that it is the duty of said trustees, said county superintendent, and said principal of the faculty of said school to receive the children

of your petitioners in said school in the same manner and on equal footings with other children, and to teach and instruct the children of your petitioners in the same manner and on equal footings with those of the other patrons of said school, and that this duty the law enjoins upon said defendants by virtue of their said offices.

"Your petitioners allege that they heretofore, at the opening of said school, started their said children in attendance thereupon, as in law they had a right to, by virtue of the premises herein alleged, and that the said children of your said petitioners, as they were entitled to do in law and of right, entered said school for the purpose and with the intention of being therein taught and trained in the same manner and on equal footings with the children of the other patrons of said school, when on the 25th day of September, 1916, the said trustees of said school, acting as such and in concert with the other defendants herein, the said county superintendent and the said principal of the faculty of said school, without authority or warrant in law for so doing, and in violation of their duty under the law as such officers, and of the rights of your petitioners and of their said children, wrongfully and oppressively refused and denied to your petitioners and their said children the right to attend said public school, and served official notice of their action upon your petitioners in writing, which said notice, a copy of which is hereto appended as 'Exhibit A,' is in the words and figures as follows, to wit:

" 'Rhodes, Miss., September 25, 1916.

" 'Mr. Davis Clark—Dear Sir: You are hereby notified that you must take your children out of our public school. We have looked the matter up, and are acting on the suggestion of the county superintendent and other

county officers, and therefore we feel that we are acting right in writing this notice.

" 'W. S. CAYNON,
" 'S. M. LOPER,
" 'O. E. BELLEW,

" 'Trustees Loper Line Consolidated School.'

"Your petitioners allege, by reason and by virtue of the aforesaid notice and of the aforesaid wrongful action of the said officers, they have been wrongfully and oppressively deprived of the constitutional right guaranteed to them by the Constitution of the United States and of the state of Mississippi and the laws thereof to send their children to the free school of their county when of free school educable age, and that their said children by said same notice have been deprived of the constitutional rights guaranteed to them by the Constitution of the United States and the state of Mississippi to attend the public school of their said county, and that their children have by said wrongful acts aforesaid been wrongfully and oppressively and without warrant of authority in law by said officers, defendants herein, deprived of their right to obtain and accquire an education in the free school or public school of the land provided for that purpose and maintained in part by your petitioners."

The question raised by the demurrer is whether the writ of mandamus will lie. The contention made upon the demurrer in the lower court was that the writ would not lie, because the court had no jurisdiction over the subject-matter of the petition, and that the petition presented matters that lay exclusively within the jurisdiction of the school authorities and boards of education in the state of Mississippi, and could be determined only by the school authorities and school boards, relying on sections 4487, 4503, and 4524, Code of 1906 (sections 7322, 7580, and 7344, respectively, Hemingway's Code), to sustain the contention presented by the demurrer.

The question presented now for our decision was expressly passed upon by this court in *Moreau* v. *Grandich,* 114 Miss. 560, 75 So. 434, which case clearly holds that an appeal to the school authorities to secure a right to the benefits of our public schools is not an exclusive remedy, but that mandamus will lie to enforce such rights through the courts of the state. We here quote from the opinion in that case:

"It is next to be determined as to whether an appeal under the school law from the trustees to the superintendent was an exclusive remedy. In our opinion it is not an exclusive remedy. The right to admission to the public schools of the state is a valuable right, upon which litigants have a right to a judicial determination. In our view, the trustees of schools are not judicial officers, and do not exercise judicial functions. They are administrative bodies, and while appeals lie from the decision of the trustees to the county superintendent, and from the county superintendent to the state board of education, these appeals deal with administrative matters and do not constitute *res adjudicata.* *Hobbs* v. *Germany,* 94 Miss. 469, 49 So. 515, 22 L. R. A. (N. S.) 983. Under sections 1 and 2 of our Constitution, separating the powers of government into legislative, executive, and judicial departments, persons in one department of govenment cannot exercise the powers of any other department of the government, and there is no provision in reference to school trustees that modifies these provisions. There are many cases where proceedings before administrative bodies are analogous to proceedings in courts. They frequently hear and determine facts, but their findings and judgments have no conclusive effect, and do not constitute *res adjudicata.*"

A citizen who has a lawful right to enter his children in a public school, and who has been wrongfully denied this right, may, if he so elects, pursue the remedy of

117 Miss.—16

appealing to the school authorities, as provided in the statutes, for relief against such wrong, and probably should do so in most cases; but he is not limited to such procedure, nor is he compelled to first pursue the remedy provided by the statutes above, but may bring his complaint into the courts, without resorting to an appeal to the school authorities. The privilege of being heard in open court should not be denied the humblest citizen, who is wrongfully deprived of a substantial right. As the church is built and dedicated as the temple of religion, so the courthouse is set up in the midst of men and dedicated the temple of justice. The door of this temple is barred to no man with a just complaint. There are no keys, of which the few have duplicates and the many have none. The halls of this temple are free to all; the rich and the poor, the proud and the meek, the heathen and the priest. It is the seat of the institution that is founded upon the unchanging granite of the law, and safeguarded by the tenets of our Constitution.

The courts are not closed to any one aggrieved because there may perchance be other tribunals, or other constituted authority, legislative or executive, to which or to whom recourse may first be had. If a man be wronged, if he be deprived of any right conferred by law, however slight the wrong or deprivation may seem, he has his right of action in the courts. Whether he has been the prey of unscrupulous private individuals, or the victim of misguided public officials, there is no distinction or difference. He may seek redress in a court of justice in either event. In the latter case he is not compelled to exhaust his remedies by appeal to administrative authority before bringing his cause into court. He may bring it in the first instance, and there submit the matter for adjudication. This is a right proceeding from constitutional guaranties, and all efforts that have ever been unwisely put forth to impair or curtail those guaranties have unfail-

ingly shot their mark before the formidable walls raised by that great foundational instrument that preserves them for a free people.

The lower court erred in sustaining the demurrer. The judgment is reversed, and the cause remanded.

*Reversed and remanded.*