## No. 12,079.

PEOPLE EX REL. LAMME *v.* BUCKLAND, ET AL.

Decided June 18, 1928.

Mr. George H. Blickhahn, for plaintiff in error.

Mr. Charles Hayden, for defendant in error.

Mr. Herbert M. Munroe, amicus curiae.

*En Banc.*

Mr. Justice Campbell delivered the opinion of the court.

This writ of mandamus was sued out of the district court of Huerfano county by S. Julian Lamme as relator, against Charles S. Buckland, et al., as members constituting the Huerfano high school committee, and J. W. Yost, principal of the school. Its object was to compel the respondents to reinstate in the high school the daughter of Lamme, who had been a pupil therein but who was expelled from the school for her failure and

refusal to comply with a rule or regulation of the committee prescribing uniforms to be worn by girl pupils. To the amended writ, respondents filed a demurrer which was overruled. Thereupon respondents filed an answer and return to the writ, to which answer and return relator demurred. The court overruled relator's demurrer, and he elected to stand upon it, whereupon the court quashed the alternative writ of mandamus and dismissed the action. The relator is here with his writ of error to review that judgment.

The record does not disclose the ground upon which the district court based its ruling; whether it was because the rule or regulation of the high school committee, and its enforcement, constitute a reasonable exercise of the power vested in the committee by statute, or that the relator had an adequate and sufficient ordinary legal remedy. If the writ was quashed and the action dismissed upon the first ground, the judgment, though right, was upon a ground that we do not pass upon; if it was based upon the latter ground, the judgment is right and for the right reason as we proceed to show.

Our General Assembly in sections 8460 to 8467, C. L. 1921, has provided a complete system of procedure for litigating controversies of this nature. Section 8460 provides that any person aggrieved by any decision or order of the district board of directors of a school district, in matter of law or fact, may, within a designated time after such decision has been made, appeal therefrom to the county superintendent of the proper county. Section 8466 provides that the board itself, or such person, feeling aggrieved by the decision or order of the county superintendent on the appeal, may, within a fixed time, appeal therefrom to the state board of education, which consists of the state superintendent of public instruction, the attorney general and the secretary of state. Colo. Const. art. 9, § 1. This legislation by our General Assembly clearly indicates a purpose to vest in the school authorities the adjustment and settlement of such con-

troversies. While mandamus under our code is a judicial action or proceeding of a civil character, it is not an ordinary action or proceeding available as matter of right. It is maintainable only when there is no other adequate legal remedy, and the courts are invested with a sound discretion as to its issuance. In consonance with the common law rule, section 342 of our Code of Civil Procedure declares that the writ shall not be issued in any case where there is a plain, speedy and adequate remedy in the ordinary course of law. 38 C. J. p. 541, § 1.

Where there is by statute an adequate remedy by appeal, or otherwise, from an order of a public officer or a public board, mandamus should be refused. Since in this state a statute exists that permits appeals by the aggrieved person from an order of a school board, or a high school committee, to the county superintendent of schools, and from his decision to the state board of education, in all school matters of law or fact, mandamus by the courts does not, in the first instance, lie. When his daughter was excluded from the high school, where she was privileged to be a pupil, for her failure to conform to this rule or regulation of the school committee, it was the duty of the relator, if dissatisfied with the expulsion, first to invoke the statutory remedy of an appeal to the county superintendent of schools, and, if there defeated, to appeal to the state board of education, before resorting to the courts for relief. The fact that by the statute the county superintendent is ex officio a member of the high school committee does not change the rule. The county superintendent, as such, acts in one capacity, and as a member of the school board in another; and the authorities are that, in the absence of a statute to the contrary, this does not disqualify him, as county superintendent, from entertaining and deciding an appeal from the school committee, or school board, of which he is ex officio a member. *Grosjean v. Board of Education*, 40 Cal. App. 434, 181 Pac. 113; *Butler v. Scholefield*, 54 Cal. App. 217, 201 Pac. 625.

244

In *People v. Stanley*, 81 Colo. 276, involving the power of a school board to require the reading of the Bible in public schools, speaking by Mr. Justice Denison, at the very beginning of the opinion, we said: "Some of the court think there are certain technical objections to granting that writ (mandamus) in such a case as this, but since the parties have not urged them, we do not notice these objections except to say that this case is not to be regarded as an authority against them." This expression is, at least, an intimation that statutory remedies for reviewing decisions of public school authorities in school matters should be invoked before resorting to the courts. In the present case counsel for the respondents, both below and here, has objected to this proceeding by mandamus, in the first instance, on the ground that the statute has provided a plain, speedy and adequate ordinary legal remedy. The General Assembly, having so clearly indicated its policy that disputes of this character should be first determined by school officials themselves, and that the time of the courts should not unnecessarily be consumed, we hold that at least until the aggrieved party has exhausted his statutory remedy he is not entitled to have his grievance heard by the courts.

We are not unaware of decisions of other courts that the statutory remedy of appeal from decisions of the school boards is not the exclusive remedy. In *Clark, et al. v. Board of Trustees*, 117 Miss. 234, 78 So. 145, it was held under a statute of that state providing for such appeals, which the court said covers administrative matters only, that the remedy is not exclusive and an aggrieved parent, whose child has been unlawfully deprived of the privileges of a public school, might resort to the courts, in the first instance, for relief. And there are like decisions of other courts, while still other courts have required the aggrieved person first to pursue the ordinary legal remedy provided by the legislature. In no case that we have been able to find, or to which our attention has been called, were any such decisions made

under statutes so full and complete as our statute on the subject. In *School District v. High School District*, 25 Colo. App. 510, the point was made that any person aggrieved by any decision or order of a board of school directors, in matter of law or of fact, may take an appeal therefrom to the county superintendent, and from his decision to the state board of education, and, therefore, that the action there, which was brought in the court in the first instance, could not be maintained because this statutory remedy is exclusive. To this contention Judge King in his opinion said that the sections of the statute authorizing such appeals do not confer upon school boards exclusive jurisdiction to decide *all* controversies between the school boards and other persons, natural or corporate, who feel aggrieved thereby. The learned judge then said that the action there pending against the school board related "to a statutory liability, of a quasi contractual nature, in which the only effectual remedy to the plaintiff must be, and is, in some tribunal having power to render and enforce a money judgment." And since section 8467, C. L. 1921, expressly provides that these sections of the statute under consideration shall not be so construed as to authorize either the county superintendent or the state board to render a judgment for money, the action there could be maintained only in a court of justice. But the court in this connection said, and this observation is what is important and pertinent here: "Although they (sections 8460–8466) may, and, we think, do, impliedly confer such jurisdiction [i. e., exclusive jurisdiction] over certain classes of cases pertaining to educational matters." This language gives color to the contention of the school board here that the subject matter of this controversy is within the exclusive jurisdiction of the school authorities. It is not necessary, however, for our present purpose, to pass upon this important question. It is enough to say that this mandamus action was prematurely brought. Without indicating an opinion as to the reasonableness of the regulation of the

school committee, or the reasonableness of its enforcement in this case, the judgment of the district court must be affirmed, even though the alternative writ may have been quashed for a wrong reason. The judgment of dismissal, however, for the reasons already given, was right, and it is therefore affirmed, without prejudice to the relator, who is hereby given the right to renew his request for the reinstatement of his daughter in the high school. By this course he will be able, in case the request is refused, to take the appeals, if he sees fit, in accordance with the provisions of the statute. The judgment is affirmed and the cause is remanded, further proceedings, if any, to be consistent with the views expressed in the opinion.

All the Justices concurring, except MR. JUSTICE WALKER dissenting. MR. CHIEF JUSTICE DENISON specially concurring.

MR. JUSTICE WALKER, dissenting.

I am not able to concur in the opinion of the court.

The sole ground upon which relator seeks the writ of mandamus is that the rule for the violation of which his daughter was excluded from the school was beyond 'the lawful power of the high school committee to enact. Upon this ground the opinion of the court declines to pass, but it remits the relator to the statutory appeals to the county superintendent of schools and to the state board of education.

The authorities are unanimous that mandamus is the proper remedy to compel the reinstatement of a pupil unlawfully excluded from school. 38 C. J. 734, 735; 18 R. C. L. 247; *Vermillion v. State,* 78 Neb. 107, 110 N. W. 736, 15 Ann. Cas. page 401, and numerous cases collected on page 407. I can not agree that this rule is changed or affected in this state by the existence of a system of appeals which terminate with the state board of education. Whether that system is available at all, where the order complained of is made by a high school committee, is

extremely doubtful. The act providing for appeals was enacted many years before the county high school act was passed, and the appeal provided for is from an order of the "district board of directors." The county high school act does not by reference embody these appeals provisions, and that it was intended they should be applicable can hardly be presumed when it is considered that it made the county superintendent, who under the appeals act was the first resort of the person aggrieved by the board of directors, and who was required to give notice of the appeal to the secretary of the board, ex officio a member of the county high school committee, and its secretary. At all events, I do not think that it was the intention of the Legislature to vest in the county superintendent and in the state board of education power to pass upon such a question of law as is presented in the present case. Undoubtedly there may be cases involving the interpretation of the administrative provisions of the school law in which the decisions of these school authorities should be invoked, to the end that uniformity in the construction and application of the law may prevail throughout the state, but a naked question of power, to be resolved by fundamental legal considerations, is not within this class.

The observation made in *School Dist. No. 3 v. Hale,* 15 Colo. 367, 370, 25 Pac. 309, though made with reference to a controversy arising out of a teacher's contract, seems pertinent here: "In the absence of an imperative necessity, it should never be held that a tribunal which is incompetent to afford relief to the suitors, and which is regulated and restrained by none of the rules and methods of procedure essential to a satisfactory investigation, nor by those legal principles which are supposed to enter into and form a part of every contract, can oust the courts of the country of the jurisdiction and powers conferred upon them by the statutes and constitution."

For even if it should be admitted that the Legislature intended that the county superintendent and the state

board should take jurisdiction of such questions as are presented in this case, it is apparent that these statutory tribunals not only fail to give adequate relief, but that they cannot give any relief whatever. In the present case, if relator should be successful before the state board of education, the decision of that board would not ipso facto restore his daughter to the school, nor has that board any legal machinery by which it could compel the high school committee to admit her. A resort to the court would still be necessary unless the school district should voluntarily yield to the moral suasion of the state board's opinion. And when relator was once again in court it would not be sufficient for him to set forth the decision of the state board, as that is not binding upon the courts. *People v. Van Horn,* 20 Colo. App. 215, pages 230 to 232, 77 Pac. 978. He would still be required to plead and establish the invalidity of the rule as a matter of law. The net result of the procedure would be that relator would be in exactly the same situation as before, his daughter would have remained excluded from the school, and the court to which he then applies will have had the benefit of the opinion of a board, two of whom are laymen, upon a proposition of law. But in order to defeat mandamus, it is uniformly held that it is necessary that the other remedy available to the petitioner should be at least equal in efficacy, for the obtaining of the specific relief prayed for, as the writ of mandamus would be if issued. 38 C. J. 569; *Bell v. Thomas,* 49 Colo. 76, 111 Pac. 76.

That it is not necessary to prosecute an appeal to the educational authorities before obtaining a writ of mandamus to compel the readmission of a pupil wrongfully excluded from school has been specifically held in the following cases: *Clay v. Independent School Dist.,* 187 Iowa, 89, 174 N. W. 47; *Valentine v. Independent School Dist.,* 187 Iowa, 555, 174 N. W. 334; *Knowlton v. Baumhover,* 182 Iowa, 691, 166 N. W. 202; *Hobbs v. Germany,* 94 Miss. 469, 49 So. 515. In the case of *Knowlton v.*

*Baumhover, supra,* the court said: "The rule is thoroughly well settled that, while the discretion granted by statute to the board of directors can be reviewed only by appeal to the county superintendent, yet, where it 'acts without jurisdiction, or has exceeded its powers and by some act in an official capacity has done or attempted to do that which it has not a right to do, the courts have jurisdiction to set aside the unauthorized act.' "

In Iowa the appeal is to the county superintendent and thence to the state superintendent. So also in Mississippi the appeal is to the county superintendent and from his decision to the state board of education, with the provision that the board's decision shall be final.

No case has been cited where, the question involved being the power of the school board to make the regulation, it was held that resort must first be had to the educational authorities. *People ex rel. Ulrich v. Board of Education,* 4 N. Y. S. 102, a decision of the superior court of New York City, denied the mandamus because there had been no appeal from the decision of the principal of a school to the board of trustees, and from that board to the board of education. It appears however that the question presented was one of fact. Certainly it was not a question of the power of the school board to make the regulation involved. *State ex rel. Jefferson v. Board of Education,* 64 N. J. Law, 59, 45 Atl. 775, denied the writ of mandamus because the petitioner had not appealed to the state board of education. It does not appear in that case that any question of the legal authority of the school board to enact a rule or regulation was involved, but on the contrary the opinion distinguished that case from *State ex rel. Pierce v. School Trustees,* 46 N. J. Law, 76, where mandamus was issued to compel the readmission of a negro child who had been unlawfully excluded from school. Undoubtedly there are authorities holding that mandamus will not issue where there is an appeal from an inferior board or tribunal, where the appeal, by virtue of the statute, and as a step in the statutory proceeding,

ultimately reaches the courts. Here, however, the remedy is to be denied, because there is an appeal to a board from whose decision no appeal to the courts is provided for. It seems clear that the procedure to which the relator is relegated by the majority opinion will be barren of results, except such as might follow from any other course, which would delay the final settlement of the controversy and leave room for its chance settlement by act or acquiescence of the parties themselves.

For the above reasons I dissent from the majority opinion, but in view of the disposition which is made of the case, I do not express any opinion upon the merits of the controversy regarding the reasonableness of the rule.

Mr. Chief Justice Denison specially concurring.

I disagree with the majority opinion for the reasons given in the dissenting opinion of Mr. Justice Walker. I concur, however, in the affirmance of the judgment because the rule of the local board is valid if reasonable, is presumptively reasonable and is not shown by the evidence to be unreasonable.