No. 12,058.

FANSELEAU, ET AL. *v.* HARKER.

Decided March 18, 1929.

Mr. EDWIN N. BURDICK, Mr. CLARENCE O. MOORE, for plaintiffs in error.

Mr. VIGGO H. JOHNSON, for defendant in error.

*En Banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THIS is an action by the president and board of directors of school district No. 4 of Cheyenne county, Colorado, against the president and board of directors of alleged school district No. 10 of the same county, to restrain the defendants, as such pretended board, from interfering with the official functions of the plaintiff board in its management and control of district No. 4.

It seems that defendants, as individuals, and other persons had, under the pertinent statute, attempted to carve out of the territory of district 4, as originally created, a new school district, No. 10. This action is predicated on the theory that the pretended district No. 10 is not a legally constituted or existing body, by reason of the failure of its organizers to give the proper statutory notice and information to the voters concerned of their purpose thus to form a new school district. The interference complained of, among other things, is the demand of the defendants, as a school board, upon the county treasurer of Cheyenne county, for a portion of the school funds belonging, and apportioned to, school district No. 4, and that they will continue so to demand unless restrained by a court order. The further allegation is that unless the courts give relief, confusion and uncertainty will result and the rival school districts in that county will be demoralized to the detriment of the schools.

The transcript of the record is in some respects vague and indefinite and it is not easy to determine from it just what took place at the trial. The answer of the defendants, among other things, contained a demurrer for insufficient facts, a qualified denial of some of the allegations of the complaint, and a separate affirmative defense that the matters and things which the plaintiffs seek to litigate here have already been determined against the plaintiffs' contentions in certain proceedings had before the state superintendent of public instruction. The facts set out in this affirmative defense of the answer concerning the proceedings before the state superintendent are

so meagre and ambiguous that we are unable to determine what was the alleged controversy there determined, what the alleged findings were, how the proceedings got before that officer, or what the alleged rulings were, or what they purported to be. The answer is barren of facts concerning the alleged proceeding. The affirmative defense is wholly insufficient as a plea or defense of former adjudication, or res judicata, by a proper person or tribunal.

Our decision in *People v. Buckland,* 84 Colo. 240, 269 Pac. 15, wherein we held that mandamus in the courts does not lie in the first instance to compel action by school officers in controversies over school matters, and, if at all, only after the aggrieved party has exhausted his statutory remedy by appeal, was not announced until after the trial of the action now before us. The Buckland case was a controversy between the parents of a pupil in the public schools and the school authorities. The case in hand is a controversy between two alleged school districts concerning their very existence as such. Whether the subject matter of the present action is one that comes within the decision of the Buckland case it is not now necessary to determine. Whether or not it is a controversy exclusively for the school authorities is not controlling. If it is within their jurisdiction, resort thereto, according to the allegations of the answer, has been had and under the decision in the Buckland case resort thereafter might be had to the courts for relief, if they considered it of such importance as to demand attention, or not within the power of school authorities to furnish. But we are of opinion, and that is as far as it is necessary to go now, that where, as here, the very existence of rival or conflicting school districts is the issue, this is not an ordinary school matter for final decision by the executive officers of the educational department, but one of which the courts may take jurisdiction even after such authorities themselves have proceeded to pass upon it. Whatever be the ground or reason in the mind of the district court

for taking jurisdiction here, it was not improper under the pleadings for it to do so. Indeed, at the trial both parties proceeded upon the theory that the issues tendered to and decided by the district court were within its jurisdiction and they themselves voluntarily submitted those issues for determination by the court. The showing in this record which was made by the plaintiffs is ample to sustain and uphold the court's finding that the submission to the qualified voters of the proposed creation of the new school district was not justified. The evidence conclusively shows that section 8308, C. L. 1921, which is the one under which the proposed action was taken, was not complied with but, on the contrary, its mandatory provision was ignored. The voters concerned were entitled to know what territory was to be segregated from the old, and placed in the new, district. The information given them by the proponents of the measure, neither in the notice of the election nor in any other way, furnished it. There are three townships No. 12 in school district No. 4 as it existed at the time the attempt was made to carve out of the same a new school district. The printed and posted notices of election merely referred to township No. 12, but did not state or designate what particular township No. 12 of the district was affected. There was nothing to inform the voters, even in the petition for the creation of a new district, what territory was to be segregated from No. 4 and put into proposed No. 10. In other words, there was an entire failure of the proponents to describe the proposed detached territory, or to refer to any documents or matters where such information could be obtained by the qualified voters.

The district court properly held that the election was void for the reasons indicated. Its judgment is therefore affirmed.