# No. 12,808.

DUNCAN ET AL. *v.* PEOPLE EX REL. MOSER ET AL.

(299 Pac. 1060)

Decided May 25, 1931.

Messrs. COEN & SAUTER, Mr. BEN L. GARMAN, for plaintiffs in error.

Messrs. Walrod & Walrod, for defendants in error.

*En Banc.*

150

Mr. Justice Hilliard delivered the opinion of the court.

By writ of mandamus the trial court ordered the proper officials of an organized school district to maintain public school in the district. To such order the board prosecutes error, the assignments challenging generally the right of the complainants to maintain the action without having alleged and proved that unsuccessful appeals had been taken and prosecuted to the county superintendent of schools and to the state board of education, which was not done; and in any event it is contended that the school facilities provided for the children in another district in the circumstances appearing met the requirements of the Constitution.

The plaintiffs in error constitute the board of directors of school district No. 11, Phillips county, and hereinafter will be referred to as the board, and relators are resident property owners, taxpayers and parents of children of school age, residing in said school district, hereinafter called the parents.

For some years the board has not provided a school for the children of the district conducted in the district, but did provide school facilities for the children of their district in another district and in aid thereof furnished transportation for the children of their district to the schoolhouse of such other district, where it is apparently conceded the required curriculum is available to the children of their district. The parents objected to such procedure and insisted that school must be conducted in the district. Their protests were unavailing. In such situation the parents instituted this action.

The essential facts are not in dispute. Long before the happenings of which complaint is made, the school district in question was duly organized. It constructed and still has a schoolhouse and other school property requisite for holding school in the district, and which, until the plan of transporting the children resident of the district

to another district was adopted and followed, was used for school purposes. It appears that since resorting to the facilities offered in another district, the board has annually certified and caused to be levied taxes for school purposes precisely as when school was held in the district, and that expenditure of the funds arising from such levies has been made by the board pursuant to whatever the arrangement was between the board and the authorities of the district furnishing school accommodations for the children of the district involved.

The parents maintain that section 2, article IX of the Constitution, which, after directing the general assembly to provide for a thorough and uniform system of free public schools throughout the state, says that "one or more public schools shall be maintained in each school district within the state," is mandatory. The board contends that the provision is not mandatory, and that if mandatory the action of the board in providing for school in another district was a mere irregularity in relation to which there is statutory remedy by appeal to school officials of higher rank than the board. Sections 8460-8467, C. L. 1921. It is also urged on the part of the board that by the arrangement under which the required school training was provided in another district, with transportation of the pupils, there was substantial compliance with the constitutional requirement on which the parents rely.

■■ We are of opinion that the constitutional provision is mandatory, and, since it has been pertinently invoked by protesting and competent parties, it follows, the record here considered, that the board's arrangement for school accommodations in another district, however desirable such action may have seemed, does not satisfy the constitutional mandate and the parents are entitled to appropriate relief. *School District v. High School District,* 25 Colo. App. 510, 139 Pac. 1039, cited by counsel for the board, was reversed in 60 Colo. 292, 152 Pac. 1149. In such view it does not avail the board to plead a

favorable vote of the district electorate at the recurring annual meetings of the district. In the premises here the constitutional mandate impels the board to certain action, and since on its own motion it may not avoid the duty involved, it cannot justify such failure on the theory that it was induced thereto by the vote of the district electors. *Knowlton v. Baumhover,* 182 Iowa, 691, 700, 166 N. W. 202. The board's duty here is purely ministerial, clearly fixed by the Constitution, and performance may be enforced by judicial writ. *People v. Van Horn,* 20 Colo. App. 215, 77 Pac. 978.

But the board urges that the statutory appeals provided by sections 8460-8467, supra, and which the parents did not pursue, operate to oust, or at least postpone, court jurisdiction. *People v. Buckland,* 84 Colo. 240, 269 Pac. 15, is cited. That case is distinguishable. The controversy there pertained wholly to administration of a public school in full function, operating *in the district.* It arose over an order of the district board prescribing uniforms to be worn by girl pupils, which, not being observed by one of the pupils, resulted in a further board order expelling the nonobeying one. We refrained from passing on the reasonableness of the board orders, and the sum of the decision otherwise was, that determination of the administrative question involved, at least in the first instance, lay with school officials having appellate supervisory powers in such matters, and consequently that the mandamus action was premature. Here, in the course of the discharge of its duties under the Constitution, the board ignored or misinterpreted a provision thereof, and thereby deprived the parents of a substantial constitutional right, to remedy which courts of justice otherwise possessing jurisdiction must be and are open. Art. II, §6, Const. In *Knowlton v. Baumhover, supra,* at page 726, the court said: "The rule is thoroughly well settled that, while the discretion granted by statute to the board of directors can be reviewed only by appeal to the county superintendent, yet where it 'acts

without jurisdiction, or has exceeded its powers and by some act in an official capacity has done or attempted to do that which it has not a right to do, the courts have jurisdiction to set aside the unauthorized act.' "

The suggestion that section 8333, C. L. 1921, subdivision 15, authorizes the action taken by the board, is untenable. It has reference solely to specific instances and individual pupils.

In affirming the judgment the suggestion is made to the trial court that in the event of the necessity of issuing further writs in the enforcement of its decree, which we assume is unlikely, judicial notice be taken of the time of the expiration of the current school term that there may not be unreasonable interruption of the present plan during such term.

The application for supersedeas is denied and the judgment affirmed.