SCHOOL DISTRICT No. 26, GUNNISON COUNTY *v.* HARDS, COUNTY SUPERINTENDENT OF SCHOOLS ET AL.

No. 15,211.

ALBERT HILDEBRAND *v.* HARDS, COUNTY SUPERINTENDENT OF SCHOOLS ET AL.
(149 P. [2d] 651)

Decided April 24, 1944.   Rehearing denied June 12, 1944.

320

Mr. HARRY S. SILVERSTEIN, Mr. HARRY S. SILVERSTEIN, JR., for plaintiffs in error.

Mr. E. M. NOURSE, Mr. E. L. DUTCHER, for defendants in error.

*En Banc.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

IN each of these actions, consolidated for disposition below and here, a declaratory judgment was sought. Involved, is the status of School Districts Nos. 10 and 26,

Gunnison County. In one instance the school district, as such, instituted the action, while in the other, the district board having refused to act, the action was by a qualified elector and taxpayer. The right and capacity of plaintiffs to maintain their respective actions was not questioned below, nor is there reference thereto in the presentation here. There was identity of parties defendant, namely, the County Superintendent of Schools for Gunnison County, the State Superintendent of Public Instruction, and School District No. 1, Gunnison County. The State Superintendent disclaimed any interest, and the two other defendants interposed general demurrers, which were sustained. Plaintiffs elected to stand on their complaints, and judgment of dismissal was entered in each case.

It appears that the school districts involved, Nos. 10 and 26, were organized and existing as such entities for some years prior to May 15, 1940, but that for a considerable period immediately preceding that date, those districts, although evidently functioning otherwise, instead of conducting schools within their respective territories, and acting on some basis not appearing, had arranged with defendant School District No. 1, to have their pupils enjoy its educational facilities, and in furtherance thereof provided transportation for the pupils to its school buildings and return. It is fairly deducible that the arrangement mentioned had obtained for a period of three years or more prior to May 15, 1940, for on the latter date defendant county superintendent, proceeding on the foregoing factual assumption, and in virtue of an applicable provision of the 1935 Colorado Statutes Annotated, chapter 146, section 64, found and declared that "no school had been maintained" in districts 10 and 26, "for three successive years and more last past," and that they were "unorganized," and ordered that said school districts be "annexed to the adjoining School District No. 1 of Gunnison County." The portion of the statute involved reads: "Provided, fur-

ther, that in the event school has not been maintained in any district for a period of three successive years, the county superintendent of the proper county shall declare such district unorganized and shall annex such territory to such adjoining district or districts as shall best promote education."

Although constitutional and other perplexing questions are presented and argued ably, our study leads to the conclusion that the problem is solvable on a simpler basis. We think the question is, Have the districts involved failed to maintain school in the sense that forfeiture of their organization may be ordered? Other than as to maintaining school within the districts, apparently the district boards made every provision in their power, or required at the hands of any board in full function. The one digression was, that, through transportation facilities which the district boards provided, the children of the two districts attended school in the district with whose governing authorities satisfactory arrangements to that end had been made — defendant district No. 1. We cannot think that in the absence of formal complaint of parent or pupil, and for whatever duration, such arrangement so violated the legislative enactment, on which there is reliance, as to justify the summary action which was taken against the districts. What the boards were doing, as we perceive, was only irregular, not void. A complaining parent could have required either board to abandon the transportation plan and cause school to be held at a school house within the territorial limits of the district. Art. IX, §2, Constitution; *Duncan v. People* ex rel., 89 Colo. 149, 299 Pac. 1060. It appears, further, that in February, 1940, all parties to the action met in conference on the matter, and mutually decided that it should be left to the qualified electors of the districts to determine whether the districts should be annexed to School District No. 1 or whether schools should be maintained in the districts for the year 1940-41 and subsequent years.

Also, that in April, 1940, the deputy district attorney for Gunnison County, advised the boards of the Duncan case, and that they should determine on their course. Accordingly, at the regular school election held May 6, 1940, each of the districts, proceeding in the exact manner outlined by the district attorney's office, submitted to its qualified voters the question of whether, "for the school year 1940-41 and subsequent years," school shall be maintained "within the district." The affirmative prevailed in each of the districts, one of them by unanimous vote, and in district No. 26, a bond issue also was voted. The record considered, we think there is no reason to conclude that either district, at any time, purposed to abandon its organization, or entertained any thought that it had done so. On the contrary, it proceeded on the theory that in transporting its children to an adjoining district a satisfactory service was being afforded. At the first suggestion of question relative thereto, the sense of its electorate was formally taken, with the result already stated. We cannot think that regularly organized and functioning school districts, failing only as to the extent appearing here, which, coming to their attention, they were quick to abandon, and clearly manifesting a resolute purpose to carry on, should be deprived of the advantages of local control of their schools.

Let the judgments be reversed, the demurrers to be overruled. The court will allow amended and further pleadings as advised, and proceed in regular course.

MR. CHIEF JUSTICE YOUNG and MR. JUSTICE JACKSON dissent.

*On Petition for Rehearing.*

MR. JUSTICE HILLIARD.

The reference in our opinion to elections held in the school districts, gives defendants in error grave concern, for that, as said, such elections were not held in con-

formity with sections 61-64, chapter 146, '35 C.S.A. One answer is that no question within the contemplation of the sections mentioned had arisen or was being determined. Those informal elections, according to the allegations of the complaint, which, for the purposes of the demurrers must be accepted as true, were held as a result of a meeting of the school boards of the districts involved, county superintendent and state superintendent of schools, parties hereto, at which meeting it was "decided * * * that it should be left to the qualified electors of" the districts "to determine whether or not" they "should be annexed to School District No. 1 or whether school should be maintained in said" districts "for the year 1940-1941, and subsequent years." We referred to those elections and the result as of moment to the district school officials, and others properly interested, when they were considering the question of whether they should oppose the action of the county superintendent in declaring the involved districts "unorganized" and annexing them "to the adjoining school district No. 1." The elections were held in the atmosphere attending the situation, and in which school officials, high and low, all interested in serving the public acceptably, when about their duties. That such elections may have buoyed up the officials of the districts, as well as others, and moved them to active opposition to the annexation order, is not equivalent to saying that other school officials, of whatever rank, can justify their action in relation to the districts on the informality of the elections. The final answer is, that our opinion is solely based on the question formally posed therein, that is to say: "Have the districts involved failed to maintain school in the sense that forfeiture of their organization may be ordered?" Our resolution was in the negative.

We believe the contentions presented by defendants in error in their petition for rehearing to be without merit, and accordingly it is denied.